HAMLIN CONVERSE *vs.* SAMUEL COOK *et al.*

If the plaintiff in a decree of [foreclosure in chancery receives payment of part of the sum decreed, it opens the foreclosure.

When a purchaser of an estate, incumbered by two mortgages, at the time of the purchase, agrees with the mortgagor to pay the mortgages, and retains a part of the purchase money for that purpose, and goes into possession, he cannot afterwards take a conveyance from the first mortgagee, and set it up against the second mortgagee, notwithstanding he may have been deceived by the mortgagor as to the amount due.

This was an ejectment for lands [in Bridport. The plaintiff in support of the issue, gave in evidence a mortgage deed from one Farmery Hemmingway to himself, dated Dec. 2, 1829, to secure payment on a note for $562,00 together with the terms described in the condition.

Also, a deed from Farmery Hemmingway to Jonas Hemmingway, dated Sept. 20, 1830, and sundry subsequent conveyances showing that the defendants derived their title from said Jonas. The possession of the defendants at the time of bringing of this suit was admitted.

The defendant then gave in evidence, a mortgage deed from Farmery Hemmingway to Vashni Hemmingway, dated May 14, 1814, together with the record of a decree of foreclosure of said mortgage by Edward H. and others, the executors of said Vashni in Jan. 1826 which became absolute in Jan. 1827. And also, a deed from Edward Hemmignway and others, who were proved to be heirs of said Vashni, to Jonas Hemmingway, dated Nov. 3, 1834. The amount stated in the decree to have been due on the mortgage is about $2,500. No possesion of the premises was ever taken nor any steps to enforce said decree by the heirs of said Vashni.

The plaintiff then offered testimony tending to prove that the mortgage to said Vashni had been paid before said decree ; and among other things the testimony of a witness that many years since Farmery took to Massachusetts where the said Vashni resided, a large amount of property consisting of horses, professedly for the purpose of paying said mortgaged debt, that said property was left there, but whether it was paid to said Vashni the witness did not know except from the declaration of said Farmery.

To this evidence the defendant objected, but the same was admitted by the court. The plaintiff then proved by the solicitor, who procured the foreclosure that a large amount, to wit : the sum of $1069 dollars was paid to him by said Farmery, on account of the mortgage before the foreclosure, which was not applied, but

ADDISON,
January,
1836.
Converse
vs.
Cook et al.

that the decree was taken for the full amount of the notes.

He proved also the declaration of Edward Hemingway made in the fall of 1829, that there was only between $300 and $400 due on the mortgage to Vashni.

He also proved by the declaration of Jonas Hemmingway made shortly after the deed from Farmery H. to him dated in Sept. 1830, that he, Jonas, was by the agreement with Farmery to pay the mortgage to Vashni, and also the plaintiff's mortgage towards the purchasing of the land; that he retained $400 dollars to pay the mortgage to Vashni, and if the sum due did not amount to that he was to send the balance to Farmery. It was also proved that Jonas afterwards made a payment of interest to the plaintiff on his mortgage.

The defendants' then offered evidence to prove that at the time of the purchase by Jonas H. of Farmery in Sept. 1830, Farmery deceived Jonas in representing to him that the amount due on the mortgage was less than was actually due. This evidence was objected to and rejected by the court.

The defendants then offered said Edward H. as a witness to prove the fairness of the decree, who was objected to by the plaintiff as interested and his testimony was rejected.

The court charged the jury that the decree having been taken for a much larger amount than was due, and that circumstance having been known at the time both to Edward and his solicitor and no explanation being furnished, the decree was to be regarded as fraudulent as to the plaintiff.

And further, if Jonas Hemmingway agreed upon the occasion of the purchase in Sept. 1830 to pay their mortgage and retained a part of the purchase money for that purpose, that it was not now competent for him or those claiming under him to set up an assignment from Edward as a defence in this suit, but that said assignment must be considered an extinguishment of said mortgage.

To these several decisions and charge the defendants excepted.

*Linsley and Solace for defendants.*——1. The declarations of Farmery Hemmingway were clearly inadmissible, and cannot be distinguished from permitting a man to prove, that he had the money in his pocket, and *said* he was going to pay a note on mortgage. It is in no sense a part of the *res gestæ*, of the fact necessary to be proved, to wit: the payment of the money. Or further, it only amounts to evidence *tending to prove*, the existence of an intention to pay sometime previous to the time when it is preten-

ADDISON,
January,
1836.

Converse
vs.
Cook et al.

ded the payment was made. Proof of the existence of an intention to do a wrongful act, is in criminal law, a familiar principle; but the admitting proof of an *intention* to perform a contract as legitimate evidence of its fulfilment is as novel as it would be dangerous.—Starkie Ev. 47.

2- The court erred in rejecting the testimony showing a fraud practiced by Farmery Hemingway on Jonas. It was indispensable to explain what the plaintiff proved Jonas had said. It is manifest from the case that Jonas in purchasing of Farmery was deceived in relation to the amount due on the Vashni Hemmingway mortgage, and the proof offered would have explained it fully. Suppose Farmery sold Jonas for $1500 and that he represented that there was but $400 due on the Vashni Hemmingway mortgage, and that as between Farmery Hemmingway and Jonas it was agreed, that out of the purchase money Jonas should reserve $400 for the Vashni H. mortgage and enough to pay plaintiff's debt, that acting on the supposition that only $400 was due Vashni H. he should have paid a number of hundred dollars to Farmery, and afterwards found that there was enough due to V. Hemmingway to swallow up the whole amount of the purchase money originally agreed to be paid. We conceive that no principle of law or equity required Jonas H. to extinguish plaintiff's mortgage. If the contract to pay off the prior incumbrance, had been between Jonas and plaintiff and entered into for a valuable consideration and without any fraud in plaintiff, the question would have required a different consideration. But when the contract is utterly void between the original parties, for fraud, it is beyond our comprehension, how it can be set up by third persons claiming through the perpetration of the fraud; and that too against the man defrauded. No person can compel Jonas to execute the contract beyond what Farmery could have coerced him.

The equitable defence arising out of the misrepresentations of Farmery is as unanswerably applied to others claiming through Farmery, as it would be to him. The purchasing in this prior incumbrance cannot operate to extinguish the mortgage if it would be extinguishable.—*Lockwood* vs. *S*———, 6 Conn. 373.—*Baldwin* vs. *Morton*, 2 Conn. 161.—*Marshal* vs. *Wood et al.*, 5 Vt. R. 250.

3. Jonas H. had a right to purchase in the Vashni H. claim to strengthen his own title. He was not only a mortgagee as well as plaintiff but also a purchaser and will be protected in bringing in a prior incumbrance.—Powel on M. 479-80.

ADDISON,
January,
1836.

Converse
vs.
Cook et al

4. But the mortgage was at an end, a foreclosure had taken place, and the title to the land had become absolute in Vashni Hemmingway. Hence a quit claim from Vashni or his heirs conveyed the land itself.

5. The court erred in rejecting the testimony of Edward Hemmingway. All the interest he ever had he had released to Jonas, and as by the terms of that contract, he had not in any way become answerable for the validity of the title, he had no legal interest in this controversy. The verdict could never be used against him.

6. The court erred in charging the jury that the taking the decree for more than was due was fraudulent. It is indeed suggested in this part of the case, that no explanation was offered, but it will be found from another part of the case that an explanation was offered, but the court declined hearing it. If a party taking a decree or judgment has in his own hands the means of taking the decree or judgment for the true amount, he is bound to do it. But where payments have been made on notes, bonds or other securities, and receipts given the obligee, it is not in his power by neglecting to produce his vouchers, to prevent the plaintiff from obtaining a valid judgment. To impeach such judgment there must be something more than the fact that it is too large. Some fraud must appear.

7. If the foreclosure was invalid yet the debt to V. H. was unpaid, and the original lien remained. The taking a foreclosure for a sum too large would not destroy the right to what was honestly due—as the claim of the heirs of Vashni H. had passed to Jonas, it furnished the same protection to him, that it would have done to them had they taken possession under the claim. It must be conceded that they could not be ejected from the land until the sum actually due them had been paid unless the purchase of this prior incumbrance operates as an extinguishment. It is immaterial in defending this action whether the foreclosure be valid or not.

8. As Jonas had paid off a prior incumbrance effecting plaintiff's title as well as his own, plaintiff cannot take the benefit of such a payment without at least paying Jonas an equitable proportion of the money thus paid out.

*H. Seymour for plaintiff.*—The plaintiff objects to any title derived to the defendant under this old mortgage.

1. That the decree as to the plaintiff was fraudulent.

ADDISON,
January,
1836.

Converse
vs.
Cook et al.

2. That if it was not fraudulent the purchasing in of the title under it by Jonas Hemingway from the heirs of Vashni was an extinguishment of that title, so that it could not be set up by those claiming under Jonas against the plaintiffs title. The fact that Farmery H. was permitted to remain in possession for such a length of time, and the fact that 1069 dollars had been paid by Farmery to the mortgagee's] solicitor before the decree and not applied, afforded a strong presumption that the mortgage was satisfied and the decree fraudulent; and to strengthen this presumption, the testimony showing that Farmery had taken property to Massachusetts, professedly for the purpose of paying on the mortgage, was properly admitted by the court Starkie part 2, 241.— 19 Johns. 164.—15 Mass. 230.

Jonas Hemmingway was the real party interested in this suit and his declarations at and near the time of his making the purchase of Farmery as to the contract between him and Farmery was proper testimony.—Starkie 1387—1 Esp. 394.—11 East. 584.—Starkie 42, part 4.

The testimony as to Farmery's representing to Jonas that the sum due on the said mortgage was less than was really due was properly rejected. If Jonas chose to rely on Farmery's statement instead of ascertaining the fact for himself, this ought not to effect the plaintiff.

Edward Hemmingway was not a competent witness. A person who has acquired a fraudulent title and fraudulently conveyed the same though by quit-claim is not a competent witness.—Swift's Digest vol. 2, p. 252.—3 Johns. R. 371.

As to the other objection to the defendant's protecting themselves under the old mortgage and decree. The plaintiff insists that admitting the decree to have been a fair and just one, that in the relation defendants stand to plaintiff's title they cannot avail themselves of it.

Farmery Hemmingway the mortgagor (as it was his duty to pay up this mortgage) could not by taking a conveyance from the mortgagee or his heirs have set up this title against his own grantee the plaintiff. Though in form a conveyance, it would in effect be an extingnishment of the mortgage title. Nor could he set up any title inconsistent with his own deed.—Starkie 6, 535, part 4.

Jonas Hemmingway in every respect stands in the same relation to the title that Farmery did. When he purchased of Farmery, a part of the consideration was that Jonas should pay both the bal-

ADDISON,
January,
1836.

Converse.
vs.
Cook et al.

ance due on the old mortgage and the debt due the plaintiff. The money for both these purposes was left in his hands by Farmery. The conveyance to him, therefore, of the title under the old mortgage in its legal effect is an extinguishment of that title.— Collins vs. Torry, 7 Johns. R. 278.—6 Johns. R. 396.—6 Vt. R. 602.

Another objection if it were necessary, may be made to the defendant's title under the old mortgage. The payments on it, some before and some since the decree have reduced the sum due from 2500 dollars named in the decree, to about 400 dollars. The receiving payments on the debt by the mortgagee has the effect of opening the mortgage to redemption by the mortgagor. The interest of the mortgagee in this mortgage is personal property and goes to the executor or administrator, and no title to the premises passed to the heirs of Vashni Hemmingway.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The plaintiff claims title by virtue of a mortgage deed from Farmery Hemmingway, dated in December 1829. Farmery Hemmingway, in September 1830, conveyed the same premises to Jonas Hemmingway, and by a regular chain of conveyances, the title of Jonas Hemmingway came to the defendants. The defendants attempted to set up a prior title derived to them from the representatives of Vashni Hemmingway, to whom Farmery Hemmingway had mortgaged the premises in May 1814, on which mortgage a decree of foreclosure had been obtained in January 1826. When Jonas Hemmingway purchased of Farmery in September 1830 he agreed to pay both of the mortgages before mentioned, and retained a part of the purchase money for that purpose. The county court decided that, under the circumstances, neither Jonas Hemmingway nor the defendants, who claimed from him, could set up the assignment executed by the representatives of Vashni to them, to defeat the plaintiff. We are of opinion that the views of the county court as expressed in the charge of the judge were correct.

On the first question raised here, as to the admission of the evidence, that Farmery took property to Massachusetts for the purpose of paying the mortgage to Vashni, we think the evidence, in connexion with the declarations of Jonas Hemmingway and the executors of Vashni, was admissible as tending to show a payment of the mortgage after the decree of foreclosure had been made and expired. If payments were made by the mortgagor and ac-

22

ADDISON,
January,
1836.
───
Converse
vs.
Cook et al.

cepted by the mortgagee after the decree of foreclosure, the estate of the representatives of Vashni would not be considered as absolute under the decree, but remained, as before the decree, conditional. The title of Farmery was therefore not gone from him wholly, when he mortgaged to the plaintiff in 1829, but he had an equity of redemption in the premises in question.

After Farmery executed the deed of mortgage to the plaintiff, he had an estate in the premises, subject to both mortgages. His grantee, Jonas Hemmingway, stood in the same relation in equity, the debtor of the representatives of Vashni Hemmingway and of the plaintiff. Neither Farmery nor Jonas could purchase in one of the mortgages and keep it alive to the prejudice of the other, but a purchase could only operate as a payment. The counsel for the defendants have a mistaken view of the situation of Jonas Hemmingway or the defendants, by considering them as mortgagees without notice, purchasing in a precedent incumbrance to strengthen their title. The only case, where one purchasing under a mortgagor has been permitted to purchase in a prior mortgage and decree under it, is that of a first mortgagee, who has purchased of the mortgagor the equity of redemption. In that case, he has been permitted to claim by virtue of his mortgage against a second mortgagee ; and we are not aware that the cases have gone any further. This view of the case would alone be decisive of the rights of the parties to this suit. But when we further take into consideration, that Jonas Hemmingway, when he purchased of Farmery, agreed to pay the mortgage to the plaintiff, and retained a part of the purchase money for that purpose, it shows manifestly the intention of the parties, that the mortgage to Vashni should be paid, and would prevent Jonas and all claiming under him, from setting up that mortgage in any way to the prejudice of the plaintiff; and although this agreement may have been procured by the fraud of Farmery, and he may have been liable therefor, yet it would not change the relation in which Jonas stood to the plaintiff, viz ; that of a mortgagor in possession, liable both by law and by express agreement to pay the lien which the plaintiff held on the land by his mortgage deed. The case of *Brown* vs. *Stead*, 5 Simons R. in chancery 535, is a very conclusive authority on this point. The county court were correct in treating the assignment from the representatives of Vashni Hemmingway to the defendants as an extinguishment of the mortgage.

The other question in relation to the admission of the testimony of Edward Hemmingway, (who, it appears, was one of the exec-

utors of the will of Vashni,) as to the fairness of the decree, became wholly immaterial, when it appeared that, by accepting payment after the decree, and admitting a less sum to be due than the amount stated, the executors waived the benefit of that decree, and held their title as a defeasable one, upon the performance of the condition expressed in the mortgage. The judgment of the county court must therefore be affirmed.