WILLIAMS *versus* THURLOW.

A real action upon a mortgage cannot be sustained, after the debt, secured by it, has been paid.

Where the amount of a note has been lodged by a debtor in the hands of a third person, upon a stipulation by him that he would therewith pay the note, and he afterwards purchases the note, the transaction constitutes a payment of the note.

And it is equally a payment, whether the said amount had been received by such purchaser in cash or in real estate at a stipulated price.

One holding under a warranty deed from a mortgager, has a right, in a suit against him by the mortgagee, to prove the payment made by the mortgager, by which the land was relieved from the mortgage.

WRIT OF ENTRY upon a mortgage. The demandant read the mortgage in evidence. The tenant relied upon the following facts, which he offered to prove, viz : —

Pitts and Bridge had contracted to sell a lot of land to Adam Johnson. Before he received the conveyance, Johnson gave to the tenant a warranty deed of a *part* of the lot. Soon afterwards, Johnson took the conveyance from Pitts and Bridge, paid a part of the consideration and, to secure the residue, gave to Pitts the mortgage now in suit. A few years later, Johnson conveyed the residue part of the land to one Merrow, upon a verbal stipulation, that Merrow should pay the mortgage notes. The demandant purchased of Merrow the said residue part of the lot, and agreed verbally that, as a consideration therefor, he would pay up the mortgage note given to Pitts, and cause the mortgage to be discharged. Afterwards, instead of paying the notes, and causing the mortgage to be discharged, he purchased the notes and took an assignment of

the mortgage running to himself, and brought this action upon the mortgage.

The Judge rejected the evidence, and a default was entered, which was, by agreement, to be stricken off, if the evidence was excluded improperly.

*Paine*, for the tenant.

The mortgage note was paid. The demandant retained in his own hands money, which belonged to the maker of the note, and which was lodged with him for the purpose, and upon his contract, to pay it. The maker of a note had a fund in the hands of Merrow, and Merrow placed it in the hands of the demandant, to pay the note with. Equity will regard the mortgage discharged, as it respects the first purchaser. *Cushing* v. *Ayer*, 25 Maine, 383.

Courts of law, in dealing with mortgages, are governed by the rules adopted by courts of equity. *Hatch* v. *Kimball*, 16 Maine, 146; *Collins* v. *Torrey*, 7 Johns. 278; *Wade* v. *Howard*, 6 Pick. 492; *Kimby* v. *Hill*, 4 Watts & Serg. 426; *Perkins* v. *Dibble*, 10 Ohio, 433.

The tenant can call upon Johnson for indemnity upon his covenants. He is therefore subrogated to Johnson's rights.

No legal principle is violated by allowing the defence.

The evidence offered, though it be oral, is not inadmissible on that ground.

The acknowledgment of the receipt of the consideration, contained in the deed to the plaintiff, does not estop the defendant from knowing that he retained the purchase money in his hands. *Schillinger* v. *McCann*, 6 Maine, 364; *Burbank* v. *Gould*, 15 Maine, 118; *Emmons* v. *Littlefield*, 13 Maine, 233.

The evidence offered would have established fraud; such fraud as would defeat the plaintiff's title.

*Evans*, for the demandant.

Would the evidence offered defeat the action? This is a suit *at law* to sustain a *legal* title. This seems decisive of the case. All the cases cited are at equity. The grantor of

the tenant was the mortgager.    The statute takes care of the
mortgager's rights.    They are at equity.    There is no case,
which authorizes him to stand out against the legal title.
Such would confound all distinctions, and all practice in the
courts.

The testimony offered is, that the demandant agreed, by pa-
rol, to discharge the mortgage for the use of the tenant.    Is
not that the very sort of evidence which the statute forbids?
Parol evidence might as well prove that the demandant agreed
to buy in a mortgage.    It is flat and plain against the
statute.

The tenant has no claim which he can vindicate *at law.*
Can one having a *legal* title, say "you hold a trust for me; I
paid you money?"    Why are equity powers given, except to
supply such defects?

The gentleman says, "fraud."    At most there was but a
breach of trust, and parol proof was not admissible.    3 Metc.
556.    But if fraud, the tenant's resort is to equity.    In some
cases, to some extent, law may relieve, where there are no
courts of equity.    Not where, as here, an appropriate tribunal
is provided.    At equity, notice of the defence must be given.
At law, we could not anticipate it.

TENNEY, J. — Is it your meaning, that payment cannot be
proved by parol?

*Evans.* — No, the evidence only proved that we had paid
*nothing;* had merely omitted to pay.    The rule is, that a
mortgagee, buying in the equity of redeeming, may elect to
have the mortgage upheld.    The tenant has sufficient reme-
dies in another forum, where we should have the benefit of
all equities.

WELLS, J. — If the mortgage, under which the demandant
claims to recover, has been paid, he is not entitled to the con-
ditional judgment, and by statute chap. 125, sect. 10, judg-
ment must be rendered for the tenant, and he will hold the
land discharged of the mortgage.

The tenant offered to prove that Johnson, the mortgager,

procured Merrow, his grantee, to convey to the demandant, eighty-five acres of the land embraced in the mortgage, and that the demandant agreed, as a part of the consideration of the conveyance, to pay the mortgage to Pitts. But instead of paying it, and having it discharged, he took an assignment of it to himself.

A part of the price of the land remaining with the demandant, for the specific purpose of paying the mortgage, must be considered as so much money in his hands. If he had then owned the mortgage, it might have been directly paid by the conveyance of the land, upon an agreement to that effect. After he took the assignment, he was the only person to whom payment of the mortgage could be made. He united in himself the person, who should make the payment, and who should receive it. The money was left in his hands to pay the mortgage, and remained there when he took the assignment. After that event, he held the mortgage and the money appropriated to its payment. It would have been an unnecessary ceremony for Johnson to have taken the money from the demandant, and then handed it back to him again. Under such circumstances, the mortgage must be considered as paid.

The tenant claiming under Johnson by deed of warranty, the title, which Johnson obtained from Pitts, subsequent to Johnson's deed to the tenant, enured to him in the demanded premises, and conferred upon him the legal right of presenting in defence, the payment made by Johnson, by which his estate is relieved from the mortgage, that Johnson was bound to discharge.

*The default is to be taken off,*
*and the action stand for trial.*