(*) RANDALL & *al. versus* FARNHAM.

The interest which a mortgagee has in the mortgaged land is not subject to be taken on execution. A levy of it would be void.

The receipt, by a levying creditor, of the amount of his claim, though after the year allowed by law for redeeming, vacates the title derived from the levy.

A promissory note, given for such a claim, is not invalid for want of consideration.

ON REPORT from *Nisi Prius*, TENNEY, J. presiding.

ASSUMPSIT upon a promissory note for $200, payable to the plaintiffs.

In 1844, William H. Morse and two others conveyed land to the defendant, and took from him a mortgage of it to secure the purchase money.

In 1845, they, by their deed in common form of a quit-claim, released to him all their rights in the land. Before the registry of that deed, Morse's undivided part of the land was attached on two suits, of which the plaintiffs had the control, and within thirty days after the rendition of the judgments, (though not until after said quitclaim deed had been recorded,) the executions recovered in said suits, were levied on the attached estate.

After the expiration of the year, which the law allowed for redeeming, the defendant gave to the plaintiffs the note now in suit, and took from them a paper specifying that they had received two hundred dollars in full for the amount levied on the two executions, and thereby " discharged all claims of said creditors under said levies." This receipt was ante-dated, so as to show, upon its face, that it was given prior to the expiration of the year allowed for redeeming.

The defence was, that there was no consideration for the note.

The case was submitted for the opinion of the Court.

*Randall* and *Booker*, for the plaintiffs.

*Gilbert*, for the defendant.

SHEPLEY, C. J. — The suit is upon a promissory note made

on January 1, 1849, and payable to the plaintiffs. The defence is, that it was made without consideration.

The report states that the defendant introduced a deed from William H. Morse and others to himself, made on September 24, 1845, and recorded on June 18, 1847. This deed upon examination is found to be a release of all title to a lot of land, which they had conveyed to the defendant on October 14, 1844, by a deed duly recorded, and which the defendant on the same day had reconveyed to them in mortgage. It was admitted that attachments of that lot were made on two writs, one in favor of Aaron Hobart and others, and the other in favor of Benjamin Randall, against said Morse after the date of the deed made on September 24, 1845, and before it was recorded. Judgments appear to have been obtained in those suits and levies to have been seasonably made upon that part of the lot formerly owned by Morse on October 25 and 28, 1847.

After the right of the owner of that lot to redeem it by payment of those levies had expired, the plaintiffs, acting as attorneys for Hobart and others, received the note now in suit from the defendant in satisfaction of those executions and gave him a receipt therefor dated back to July 31, 1848. No deed of release or other conveyance was made by the judgment creditors to the defendant. It does not appear, that the attachments were made before the record of the conveyance made to the defendant on October 14, 1844. After that time the only title of Morse to that lot was derived from the conveyance made to him and others in mortgage. No levy could be legally made on that interest, and those levies appearing to have been made only on that interest must be regarded as void. The title of the defendant appears to have been good without any act to redeem it from them. Yet the consideration for the note does not fail, for the executions, issued on the judgments recovered against Morse remaining unsatisfied by the proceedings to make levies, were satisfied by the defendant's note and the receipt given to him in discharge of

them. The attorneys would be authorized to receive satisfaction of those unsatisfied executions.

If the attachment were made before the record of the conveyance made to defendant on Oct. 14, 1844, and the levies were so made as to be operative on that title, it does not follow, that the note would be without consideration.

A reception by a mortgagee of his debt after a foreclosure of his mortgage operates as a waiver of the forfeiture and an extinguishment of his title. *Cutts* v. *York Manf. Co.* 18 Maine, 190; *Batchelder* v. *Robinson*, 6 N. H. 12; *Converse* v. *Cook*, 8 Verm. 164. No good reason is perceived, why the reception of his debt, after the time allowed by law for the redemption of a levy, should not have like effect upon the title of a judgment creditor acquired by the levy. He could not receive the money as yet due from his debtor, and still claim to hold the estate by his levy without being chargeable with fraud; and the law would justly presume that he intended to waive the forfeiture and permit his title to be extinguished by a redemption, rather than that he intended to act fraudulently.

The burden of proof rests upon the defendant to show, that there was no consideration for the note. If he would object, that the plaintiffs acting as attorneys had no authority to waive the foreclosure and accept payment of Hobart and others' debt, he could prove it by their testimony; and it would be reasonable to expect him to do so, when it does not appear, that they have repudiated the transaction, or have claimed any interest whatever in the land since that time, or attempted to disturb any one in possession of it.

Mr. Randall being one of the plaintiffs, all claim by virtue of his levy is extinguished.          *Defendant defaulted.*

WELLS, HOWARD, RICE and HATHAWAY, J. J., concurred.