## STROUT v. THE NATOMA WATER AND MINING COMPANY et al.

Where A received an assignment of stock in a corporation, and the stock was subsequently attached under a judgment against the vendor, and afterwards the stock was regularly transferred to A, who then obtained an assignment of the judgment under which the stock was attached : *Held*, that the assignment of the judgment at once merged the lien in the higher right, and that A, as regarded third parties, became the absolute owner of the stock.

APPEAL from the District Court of the Eleventh Judicial District, County of El Dorado.

The facts of this case are fully stated in the opinion of the Court.

*Saunderson & Hewes* for Appellants.

By the assignment of the judgment of Herrick v. Prindle to Adams & Co., they acquired all the right and interest in the stock which Herrick had at the time of such assignment.

Adams & Co. held the stock as collateral security for the payment of a note due them from Prindle, and hence were pledgees of the stock, and as such, had a special property in it. Story on Bailments, § 303; Woodruff v. Halsey, 8 Pick., 333.

Adams & Co., therefore, held two liens on stock, one by contract and one by operation of law. These liens are analogous to a mortgage-lien, which cannot be separated from the debt, but follow the same wherever it may pass. Johnson v. Blodget, 5 Cow., 202; Langdon v. Buel, 9 Wend., 80; Ord v. Mckee et al., 5 Cal., 515.

At the time of the levy of the attachment in Duffy v. Adams & Co., tenth day of July, 1855, the entry of the transfer from Prindle to Adams & Co., was made on the books of the company, subject to the judgment of Herrick.

To ascertain what are the rights of pledgees in the pledge, see Edwards on Bailments, 201, 188; Jones on Bailments, 118.

All kinds of personal property or chattels may be assigned or delivered in pledge. Edwards on Bailments, 189, 223, 237; Prescott v. Hull, 17 John., 285; Hyatt v. Argenti, 3 Cal., 151.

*Ralston & Wallace* for Respondents.

Adams & Co., by the assignment of Prindle to them, owned the stock, absolutely, subject only to the Herrick judgment, which they had purchased. The debt of this judgment, so far as it created a lien on their property, was extinguished. Bouvier's Law Dictionary.

Where there is a confusion of rights, and the debtor and cred-

itor become the same person, there is an immediate merger. 2 Vesey, Jr., 264; Gardner v. Astor, 3 John. Ch. R.

Parties are always presumed to have intended the legal consequences of their acts, and as the law implies a merger, such consequences must have been intended, in the absence of any evidence to the contrary.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

The facts necessary to explain the decision of this case, were substantially these:

1. On the fifteenth day of October, 1853, John R. Prindle executed a note to Adams & Co., for one thousand five hundred dollars, and pledged to them, as collateral security, two shares of the stock of said company, of about the value of one thousand eight hundred dollars. There was, however, no transfer of the stock upon the books of the company.

2. On the thirty-first day of January, 1854, Bruce Herrick sued Prindle, and attached the stock. Judgment was recovered for four hundred and twenty dollars and costs; and on the thirty-first of March, 1854, Herrick assigned the judgment to Adams & Co.

3. After the levy of the attachment, Prindle endorsed the certificate of stock to Adams & Co., and on the eleventh day of February, 1854, the secretary transferred the stock to Adams & Co., upon the books of the corporation, subject to Herrick's attachment against Prindle.

4. On the tenth day of July, 1855, James Duffy sued Adams & Co., and attached the stock as their property. Judgment was obtained against Adams & Co. on the twenty-eighth of August, 1855, execution was issued, and the stock was sold by the sheriff the fourth of September, 1855, to the highest bidder, when Ralston and Wallace became the purchasers, for nine hundred and thirty dollars.

5. On the tenth of September, 1855, Strout obtained a judgment against Adams & Co., upon which execution was issued the fifteenth of October, 1855, and levied upon the Herrick judgment; and on the twenty-second of the same month, the judgment was sold by the sheriff to the highest bidder, and plaintiff became the purchaser, for fifteen dollars. On the same day, plaintiff caused an execution to be issued on the Herrick judgment, under which the said shares were sold by the sheriff, and the plaintiff became the purchaser, for four hundred dollars.

This suit was brought to compel a transfer of the shares to the plaintiff, and to recover the dividends previously received by Ralston and Wallace. The defendants had judgment in the Court below, and the plaintiff appealed.

In the case of Weston v. The Bear River and Auburn Water

and Mining Company, (4 Cal., 186,) it was decided by this Court that no transfer of shares in the capital stock of a corporation is good as against third parties, unless such transfer be entered on the books of the corporation.   It was held in that case, that " the Legislature intended to protect the public from the fraud which might be perpetrated by a sale or hypothecation of the certificates passing the legal or equitable title, while the books of the company induced credit to the vendor, by holding him out to the world as the owner of such stock."

It is conceded, that the pledge of the stock to Adams & Co., not entered upon the books of the corporation, conferred no rights to them as against Herrick, the creditor of Prindle.   The pledge being only a private arrangement between Prindle and Adams & Co., and Prindle being held out to the world by the books of the corporation as the owner of the shares, the pledge was void as against third parties.   The principle clearly established by this decision is, that the books of the corporation must constitute the test of the rights of third parties.   They can only look to the books as their criterion.

If the shares must be treated as the property of Prindle so long as he was the ostensible owner upon the books of the corporation, why should not Adams & Co., under the legitimate application of the same principle, be held as the owners, after the shares were transferred to them ?   The transfer of the shares upon the books of the corporation to Adams & Co., was absolute and unconditional, except as to the lien of the Herrick judgment.   Subject to that judgment, they were, upon the face of the books, the absolute owners.

We can perceive no difference in principle between the two cases.   The intention of the Legislature was to prevent frauds on third parties, as well as to protect the corporation.   The language of the statute is very explicit.   By the transfer to Adams & Co., they were the apparent owners of the shares, and the private arrangement between Prindle and them could not affect third parties in any way.

Conceding that Adams & Co. must be regarded as the owners of the shares on the eleventh of February, 1854, subject to the lien of the Herrick judgment, what was the legal effect of the assignment to them of that judgment on the thirty-first of March following?

We think the assignment of the judgment at once merged the lien in the higher right, and that Adams & Co., as regarded third parties, became at once the absolute owners of the stock.

"Rights are said to be merged," says Bouvier, " when the same person who is bound to pay is also entitled to receive. This is, more properly, called a confusion of rights, or extinguishment."

See, also, the opinion in the case of Clift v. White, 15 Barb. S. C. R., 70; and same case, 2 Kernan, 519.

The shares being subject to the lien, and Adams & Co. being the owners of the stock, they were compelled to discharge the lien of the judgment to save the stock. This they did by taking an assignment of the judgment. By taking this course, instead of paying the judgment, they retained the right to issue execution against Prindle. But as to the lien upon the property attached, the assignment had the effect to extinguish it.

Judgment affirmed.