## NAGLEE v. PACIFIC WHARF COMPANY.

AN assignment of shares of stock, in a corporation formed under the Act of 1853, by a mere delivery of the certificate of stock without a transfer on the books of the corporation, is invalid as against a subsequent purchaser of the stock at sale on execution against the assignor, without notice of the assignment.

Weston v. The Bear River and Auburn Water and Mining Co. (5 Cal. 186) affirmed on the principle of stare decisis.

APPEAL from the Fourth Judicial District.

This is an action to recover the value of eighteen shares of stock issued by the defendant, a corporation organized under the Act of 1853, to W. P. C. Stebbins, the assignor of plaintiff.   The com-

plaint alleges an assignment to plaintiff, and a refusal by defendant to transfer the stock to plaintiff on its books, and recognize him as the owner of the shares.

The defense is, that prior to the demand by plaintiff to transfer on the books the shares assigned to him, they had been sold to a bona fide purchaser at sale on execution against the assignor.

The Court by whom the case was tried, without a jury, found the facts as follows:

" That the defendant has been since the eleventh day of June, A. D. 1855, a corporation duly organized under the laws of the State of California.

" That on the tenth day of July, A. D. 1855, one W. P. C. Stebbins was the legal owner of eighteen shares of the capital stock of said corporation, of the nominal value of one hundred dollars per share, which stood in the name of said Stebbins on the books of said corporation, and for which said defendant on said eleventh day of June, 1855, issued to said Stebbins a certificate in the usual form, certifying that said Stebbins was entitled to eighteen shares of the capital stock of said corporation, transferable only on the books of said company upon the surrender of such certificate.

" That on the said tenth day of July, A. D. 1855, said Stebbins, for a valuable consideration, assigned and transferred said shares of said stock and the certificate thereof to said plaintiff, by delivering to him the said certificate thereof, and executing to him a power of attorney to transfer said stock; that no notice of said transfer was given to said company until the twenty-ninth day of March, A. D. 1860; that after said transfer, said Stebbins continued to act as trustee of said company, the by-laws of which require a trustee to be a stockholder.

" That on the twelfth day of February, A. D. 1859, said eighteen shares of stock were duly and regularly attached by virtue of a writ of attachment issued out of the Twelfth District Court, in the action of *Simeon P. Christy* v. *W. P. C. Stebbins*, claiming judgment against said Stebbins for the sum of $1,456; that after the levy of said writ of attachment, and on the twentieth day of May, A. D. 1859, judgment was rendered in said action in favor of

said Christy against said Stebbins, upon which judgment, after a motion for a new trial was refused, execution was issued, and said shares of stock levied upon and duly and regularly sold by the Sheriff of San Francisco city and county, on the 24th day of May, A. D. 1860.

"That said stock was purchased at said sale by N. G. Kittle, a bona fide purchaser, without notice, who paid for the said shares the market value thereof, received a certificate of sale therefor, and received from said company a certificate of said stock in the usual form.

"That on the twenty-ninth day of March, A. D. 1860, the agent of said plaintiff presented the certificates of said shares of said stock, together with the necessary power of attorney, to the secretary of said company at the office of the same, and requested said secretary to transfer said stock to said plaintiff on the books of the said company, and demanded a new certificate of said stock to be issued to said plaintiff; which said secretary refused to do, on the ground that the same had been attached in the action of *Christy* v. *Stebbins*."

On these facts the Court below gave judgment for the defendant, from which plaintiff appeals.

*Delos Lake,* for Appellant.

I. The sale and transfer of stock by Stebbins to Naglee by transfer of the certificates was good and valid as between the parties. (Compiled Laws, 275, sec. 9, 12.)

II. The sale being valid between the parties, is equally so as to all the world except purchasers in good faith.

III. The levy under the attachment and execution did not defeat the pledgee's title, because such levy was good for no more than the debtor's actual interest, whether legal or equitable. (*Weston* v. *Bear River & Auburn Co.* 6 Cal. 425, overruling decision in same case, in 5 Cal. 186; *United States* v. *Cutts,* 1 Sumner, C. C., 153; *United States* v. *Vaughan,* 3 Binney, 394; *Bank of Utica* v. *Smalley,* 2 Cow. 777; *Commercial Bank* v. *Kortright,* 22 Wend. 362; *Tuthill* v. *Dubois,* 4 John. 216; *In the matter of Hour,* 1 Paige, 125; *Ells* v. *Tousley,* Id. 280; *White* v. *Carpenter,* 2

Paige, 217, 266 ; *Keirsted* v. *Avery*, 4 Id. 9 ; *Bachan* v. *Sumner*, 2 Barb. Chan. 165 ; *Wilkes* v. *Harper*, Id. 338.)

IV.  The defendant's refusal to transfer the stock renders it liable to the plaintiff for all damages which he sustained thereby, which in this case is the value of the stock.  (*Commercial Bank* v. *Kortright*, 22 Wend. 348.)

*H. H. Haight*, for Respondent.

I.  To show that this secret transfer was void, the respondent relies upon the language of the statute.  (Wood's Dig. Art. 459, sec. 12 of Act of 1850, and Art. 488, sec. 9 of 1853.)  The letter of the statute is clear and positive ; its force cannot be evaded by any possible construction.  (Sedgwick on Statutes and Constitutional Law, 310, 311, 245.  *Preistman* v. *United States*, 4 Dallas, 30, note 1 ; *Newell* v. *The People*, 2 Selden, 97 ; *McClusher* v. *Cromwell*, 1 Kernan, 193.)

II.  The analogy of our legislation furnishes a conclusive argument against the appellant.  (See Statute in reference to Fraudulent Conveyances, sec. 17, Wood's Dig. 107, Art. 405.)  The language employed is the same in the section referred to, and the same effect must be given to it.

The general corporation law, and the statute last referred to, were enacted by the same Legislature; one, April 19th, 1850, and the other, April 22d, 1850.

III.  The question is settled in favor of respondent by express adjudication in this State.  (*Weston* v. *The B. & A. W. & M. Co.* 5 Cal. 186; Id. 6 Cal. 425 ; *Strout* v. *The Natoma W. & M. Co.* 9 Id. 78 ; *Ede* v. *Johnson*, 15 Id. 53, 58.)

IV.  The cases cited by appellant's counsel in other States, by reason of essential differences in our own legislation, and in our statute, have no bearing upon the question involved in this case.

NORTON, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

The facts in this case are the same as those in the case of *Weston* v. *The Bear River and Auburn Water and Mining Co.* (5

Cal. 186) in which it was decided that the assignment by merely a delivery of the certificate of stock, without a transfer on the books of the corporation, was not sufficient to defeat the rights of an attaching creditor.    On the same case coming before the Court again, (6 Cal. 425) when the fact appeared that the purchaser at the sale of the stock under the lien obtained by the attachment, knew at the time of his purchase that the stock had been transferred by an assignment of the certificates, the Court held that this fact distinguished the case from its condition when first before them, and upon this distinction decided that the transfer was good against the purchaser under the attachment lien, with knowledge of the transfer.    It may not be quite clear upon what principle that distinction rests.    If, by the operation of the statute, the transfer was absolutely void against all persons except the parties, and for that reason was void against the rights of an attaching creditor— which is the decision in the case in the 5th Cal.—there seems to be some difficulty in saying that this right of the attaching creditor can be defeated by giving him notice after his lien has attached, or giving bidders at the sale notice of a prior transfer; but this is the effect of the decision in the 6th Cal.    Nevertheless, the Court did not intend by the latter decision to overrule or to qualify the former decision; for they expressly say that public policy demands that the former decision should be maintained.    In the subsequent case of *Strout* v. *The Natoma Water and Mining Co.* (9 Cal. 78) the Court assume the law to be settled according to the first decision in the case of *Weston* v. *The Bear River and Auburn Water and Mining Co.*, and no conflicting decision has since been made.

It would be an unprofitable labor to investigate how far the decisions of other States conflict with ours, or whether the apparent conflict arises from the circumstance that those decisions, many of them, are made upon the effect of by-laws of a corporation, restrictive of the general laws of the State relating to the transfer of property—while our decision rests upon a general statute.    The decision of our own Court must control, unless we are required to overrule it.    We think the decision has stood too long as a guide for transactions of this nature to be now disturbed.

Judgment affirmed.