## Donk Brothers & Co.

v.

## The St. Louis Glucose and Grape Sugar Co.

</div>

PURCHASE OF PROPERTY SUBJECT TO LIENS—ASSIGNMENT OF JUDGMENT.—Where a company bought property expressly subject to the claims of attaching creditors, and it was incumbent upon the company to discharge the liens if it would save its purchase, and when one of the creditors obtained his judgment, the company obtained an assignment of such judgment. *Held,* that the assignment of the judgment to the company, it at

the time having control of the fund primarily charged with its payment, operated as an extinguishment of it and a dissolution of the attachment, and the company could not keep the lien alive to the prejudice of appellees, attaching creditors, whose claim upon the property was of equal dignity as that evidenced by the judgment purchased.

APPEAL from the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed November 27, 1885.

This is an appeal from an order made by the Circuit Court of St. Clair county, at its February term, 1885, distributing the proceeds of attachment sales between attaching creditors. The stipulation filed by the parties upon the hearing of the motion to distribute, sets out the whole case substantially as follows:

"Edmund C. Donk et al. filed their affidavit in attachment against Ottomar W. Heyer, November 28, 1881. Writ issued the same day, returnable to the February term, 1882, of this court. Levy made on real estate of Heyer and some personal property as shown by writ; additional levy on other personal property made December 3, 1881, as shown by writ and sheriff's indorsement thereon. Declaration filed February 9, 1882. Appearance of Ottomar W. Heyer entered by W. C. Kueffner, on the 5th Wednesday of the term, and judgment by consent of parties for $2,600.75 as per stipulation on file on the 5th Thursday, being the 23d of March, 1882."

Alexander & Taussig commenced suit in assumpsit against Ottomar W. Heyer, December 2, 1881. Summons issued same day; writ of attachment in aid sued out and issued same day; both writs returnable to February term, 1882. Levy was made on all the property before then attached under writ in favor of Donk et al., and also the additional, viz.: "The entire stock of bone black in the buildings on the premises, about fifty barrels of marble dust or whiting, one part barrel grape sugar, two kegs of syrup and three sets of double harness." The additional property was found and directed to be levied on by Mr. Taussig, one of the plaintiffs, and this additional levy was also on the same day indorsed on the Donk writ. Declaration filed February 9, 1882.

On November 29, 1881, Ottomar W. Heyer made an assignment to Hugo Muench, assignee, in pursuance of the statute of Missouri relating to assignments; this deed of assignment was recorded in St. Clair county, December 3, 1881, after the above levies.

On December 13, 1881, the Circuit Court of St. Louis, Mo., made an order directing said Hugo Muench, as assignee, to sell all the property of O. W. Heyer, subject to all incumbrances, on the 5th day of January, 1882, and subject to the approval of the said court.

On January 5, 1882, said assignee sold all of the attached property, real and personal, except that sold by the sheriff as perishable, to John B. Lovingston, William D. Marshall and George W. Lubke, as trustees for a corporation thereafter to be formed, for $2,000. Said sale purported to be in pursuance of the above order, and the notice of the sale specified that the sale was to be made subject to incumbrances. Deed made by assignees to said vendees, dated January 7, 1872.

Report of sale approved by St. Louis Circuit Court, January 6, 1882. (At said sale personal notice of the levy of the attachment in favor of Alexander & Taussig was given by their attorney.)

On February 27, 1882, the "St. Louis Syrup, Glucose and Grape Sugar Co." was incorporated, with John B. Lovingston, W. D. Marshall, Geo. W. Lubke, L. S. Metcalf, Jr., and others, as stockholders. By deed, dated February 28, 1882, John B. Lovingston, W. D. Marshall and Geo. W. Lubke, as trustees, conveyed to the St. Louis Syrup, Glucose and Grape Sugar Co., in consideration of $30,000, which was in full-paid shares of the capital stock of said party of the second part, and whereof they retained for themselves, as trustees, $12,000, the property acquired by said trustees at the assignee's sale, " excepting such of said articles as have been heretofore sold by the sheriff of said St. Clair county, under levy of a certain writ of attachment issued in favor of Donk Bros. against said O. W. Heyer."

On January 26, 1882, the sheriff of St. Clair county, Ill., sold the perishable property levied on under the attachment of Donk Bros. for $1,363.70.

On April 11, 1882, the court rendered judgment for $2,600.75, and awarded special execution therefor against property attached in favor of Donk Bros.

On April 25, 1882, the judgment of Donk Bros. v. Heyer was duly assigned by Donk Bros. to Lyne S. Metcalf, Jr., and special execution was issued upon said judgment in favor of Donk Bros. on March 19, 1883, but no sale made under it.

On the 24th of October, 1883, the said Lyne S. Metcalf, Jr., executed to the St. Louis Syrup, Glucose and Grape Sugar Co., the following instrument:

"Whereas, Donk Bros. & Co., on November 28, 1881, in St. Clair county, Illinois, sued out an attachment and levied upon certain leasehold and other property then belonging to Ottomar W. Heyer, defendant in said cause, and in which cause judgment was on March 23, 1882, rendered in favor of said Donk Bros. & Co. for $2,600 and costs, and which judgment was subsequently assigned to Lyne Metcalf, Jr., and whereas the St. Louis Syrup, Glucose and Grape Sugar Company has purchased all the property so attached and not sold: Now, know all men by these presents, that I, the said Lyne S. Metcalf, Jr., of St. Louis, Mo., in consideration of ten dollars to me paid by said St. Louis Syrup, Glucose and Grape Sugar Company, receipt of which is acknowledged, do hereby remise, release and forever quitclaim unto said company, their assigns and legal representatives, all and singular, any right or lien I may have against the premises and property so attached, of every kind, name and nature, and do hereby further assign, transfer and set over unto said corporation the judgment against said O. W. Heyer hereinbefore recited and assigned to me by said Donk Bros. & Co., to have and to hold said property and premises and said judgment, with all the rights that I may or might be entitled to. In witness whereof I have hereunto set my hand and seal the 24th day of October, 1883. L. S. METCALF, JR. [L.S.]"

Acknowledged at St. Louis, Mo., and recorded in the Recorder's Office of St. Clair county, Ill., in book 273, page 456.

At the February term, 1882, of the circuit court in the case of Alexander & Taussig v. Heyer, the defendant appeared

and filed a plea to the declaration.   Hugo Muench, as assignee of Heyer, filed an interpleader, claiming the property attached, real and personal, as assignee.   Lovingston, Marshall and Lubke interplead, claiming the property attached as their own as trustees and as purchasers from Muench, and claiming the proceeds of sale of the perishable articles subject to the Donk attachment.   The St. Louis Syrup, Glucose and Grape Sugar Company filed their interpleader, claiming the real and personal property attached as their own.   Issues were joined, and at a subsequent term all the issues were tried and decided by the court in favor of plaintiff and judgment rendered in the sum of $902.56, and general and special executions awarded.   The interpleaders and the defendant sued out a writ of error to the appellate court, where judgment was affirmed ; then sued out a writ of error to the Supreme Court, where judgment was likewise affirmed.   Upon the final disposition of the case, Alexander & Taussig caused an execution to be issued and all the personal property not sold as perishable and all the buildings and fixtures having just been before destroyed by fire, the sheriff under said execution sold the leasehold estate of said Heyer, then in possession of the St. Louis Glucose company, to plaintiffs, for $700, March 5, 1884, and the same was redeemed by said Glucose company March 8, 1884, by payment of $701.90 to the sheriff.

The following is a statement of the net proceeds of said sales under said attachment writs:

Proceeds of sale under Donk Bros.' attach-
ment................................................. $1,363.70
Costs of attachment.......................$178.52
Costs of execution........................   7.45
                                         ————
   Net proceeds of Donk attachment.....   $1,177.73
Proceeds of sale under attachment of Alex-
ander & Taussig.......................   $701.90
Costs of attachment.....................$ 17.90
Costs of execution......................  116.65
                                         ————
   Net amount left......................   $567.35
And this was all the evidence.

Then the circuit court found as matter of law that the claim of the judgment of Alexander & Taussig was preferred to the claim of Donk Bros. & Co., and entitled to preference in sharing the proceeds of the said sales, and to this finding Donk Bros. & Co. and the St. Louis Syrup, Glucose and Grape Sugar Co. at the time excepted, and then the said Donk Bros. & Co. and the said company moved the court for a new trial or hearing of the motion, because the finding of the court was contrary to law, but the court denied the motion and the movers thereof excepted.

And then the court ordered the sheriff to pay out of the proceeds of said sales the judgment of Alexander & Taussig in full, and the balance to the said company, and to this judgment the said company and the firm of Donk Bros. & Co. excepted and appealed to this court.

Mr. CHARLES W. THOMAS, for appellants.

Messrs. HAY & KNISPEL, for appellees; as to merger, cited 7 Wait's Actions and Defenses, 321, 322; Marley v. Stevens, 47 How. (N. Y.) 228; Clift v. White, 15 Barb. 70; McHenry v. Watkins, 12 Ill. 233; Freeman on Judgments, § 480; Strout v. Natoma Water & Mining Co., 9 Cal. 78.

PILLSBURY, P. J. The assignee of Heyer held the property assigned charged with the attachment liens of Donk Bros. & Co. and the appellees, and the St. Louis court ordered him to sell subject to all incumbrances, which he did, and reported the sale to the court, which was approved.

At the sale actual notice was given by the attorney of appellees of the levy of their attachment writ upon the property then offered for sale, and it was purchased by Lovingston, Marshall and Lubke, as trustees for appellant company, although not then organized, but in contemplation, and upon its organization the trustees executed their trust by conveying to it.

The property being offered for sale, and sold expressly subject to all incumbrances, and the purchaser having notice of

the particular liens then existing against it, we think the pre-sumption must be indulged—nothing further appearing—that the amount of these liens was taken into consideration by the purchaser in fixing the amount to be paid for the interest acquired, and that the price paid was a sum which, in the judgment of the buyer, did not exceed the value of the property less the incumbrances. Atherton v. Toney, 43 Ind. 211 ; Thompson, adm'x, v. Thompson, 4 O. S. 349 ; Mathews v. Aiken, 1 Comst. 595 ; Kinnear v. Lowell, 34 Me. 302 ; 1 Jones on Mort., § 736.

Purchasing the property in this manner, it became in the hands of appellant company the primary fund between all the parties out of which these liens should be discharged (Comstock v. Hitt, 37 Ill. 542 ; Fowler v. Fay, 62 Ill. 375), as fully as though the grantee had assumed their payment in the deed, this latter assumption by a grantee not having any greater effect to subject the property to such payment than the former, but giving to the lien holder a personal action against the grantee. 1 Jones on Mort., § 736 ; Sweetser v. Jones, 35 Vt. 317.

In either case, the company, in order to become invested with the entire estate in the property, must see to it that the incumbrances are discharged, and as between it and its vendor, the primary duty was cast upon it to do so (Shuler v. Hardin, 25 Ind. 386); and it is said in Cherry v. Munroe, 2 Barb. Ch. 618, where the equity of redemption was purchased subject to an outstanding mortgage, that the purchaser had no legal right to have the mortgage debt charged upon the mortgagor personally instead of charging it upon the land upon which it was charged by the mortgage.

The purchaser of an equity of redemption subject to existing liens is only entitled to what he purchases, and while he may not be personally liable for their payment as he has not promised to pay them, it is his duty to pay them or surrender the property in their discharge ; and to allow him to compel his grantor to discharge the incumbrance on the ground of a personal liability for the debt would in effect invest him with the entire estate free from all liens when he took it specially

charged therewith. The injustice of such a proceeding is so apparent that courts of equity in cases where the lien creditor has enforced payment of the debt thus charged upon the land from the mortgagor have not hesitated to subrogate him to all the rights of the creditor by considering him as the equitable assignee of the mortgage lien, and thus permit him to subject the premises to sale to reimburse him for such payment. Kinnear v. Lowell, *supra;* Baker v. Terrell, 8 Minn. 195 ; Tice v. Amine, 2 Johns. Ch. 125 ; Yerris v. Crawford, 2 Denio, 598 ; Mathews v. Aiken, *supra*.

A grantee, therefore, under such a sale to him, can not, by paying the lien creditor the amount of the incumbrance, take an assignment of the debt to himself and hold it as a valid claim against his grantor, nor use it as a set-off in an action by the vendor for the purchase money (Shuler v. Hardin, *supra*); and having become the owner of the lien and as between him and his vendor the primary obligation, if he would save his purchase, resting upon him to pay the debt the law treats the assignment to himself as a payment of the debt and the land discharged therefrom. Converse v. Cook, 8 Vt. 164 ; Lilly v. Palmer, 51 Ill. 331 ; Williams v. Thurlow, 31 Me. 392 ; Tice v. Amine; Baker v. Ferrell; Atherton v. Toney, *supra*.

So where land is conveyed subject to two liens of which the vendee is advised and makes his price accordingly, he can not take an assignment of the senior one and retain it to the prejudice of the junior. Converse v. Cook; 1 Jones on Mort., *supra*.

Applying the foregoing principles to the facts of this case the questions involved are not difficult of solution. The appellant company bought the property expressly subject to the claims of these attaching creditors, and the property was charged with their payment, and it was incumbent upon it to discharge such liens if it would save its purchase. Recognizing the position in which it stood, as soon as Donk Bros. & Co. obtained their judgment and the amount of their lien judicially ascertained, an assignment of the judgment was procured from Donk Bros. & Co. to Metcalf, a member of the

company, who afterward assigned the same to the company for the nominal consideration of ten dollars and released to it any right or lien he had to any of the property attached. No attempt was thereafter made to assert any right under said judgment, and none would probably ever have been asserted if the buildings and fixtures purchased had not been destroyed by fire, thus materially reducing the value of the property purchased; but the rights of the parties became fixed prior to such loss and must be determined irrespective of it.

In my opinion the assignment of the judgment to the company—it at the time having control of the fund primarily charged with its payment—operated as an extinguishment of it and a dissolution of the attachment, and thereafter the company held the property discharged of any lien arising therefrom, and could not keep it alive to the prejudice of appellees, whose claim upon the property was of equal dignity as that evidenced by the judgment purchased. Strout v. Natoma Co., 9 Cal. 78, and cases above cited.

Being equitably bound to pay both liens, and having paid one in the manner above stated, it had the effect of leaving all the property attached by appellees subject to the payment of their judgment; and it being equitable that as against the company they should be paid in full, as the company ought to have paid it upon rendition of judgment, no error is perceived in the action of the court in so ordering the funds in court applied, and the order will be affirmed.

Order affirmed.