[No. 569.  October 30, 1894.]

## LYNDONVILLE NATIONAL BANK, PLAINTIFF IN ERROR, v. STEPHEN M. FOLSOM, DEFENDANT IN ERROR.

ASSIGNMENT FOR BENEFIT OF CREDITORS—VALUATION OF ESTATE, COR-
RECTED STATEMENT OF.—Where, on a general assignment for the benefit of creditors, the assignee found he had valued the estate too high, and, on application, the court allowed him to make a further corrected statement, for double the amount of which he was required to execute bond, it was not error.

ID.—TRANSFER OF CORPORATE STOCK—FAILURE TO ENTER ON BOOKS OF
COMPANY—TITLE.—Under section 200, Compiled Laws, providing
that no transfer of corporate stock shall be valid, except between the
parties thereto, until the same shall be made on the books of the
company, no title passes to the assignee under a general assignment
for the benefit of creditors; unless such transfer has been made as
therein prescribed.

ERROR, from an order in favor of defendant,
quashing an attachment levied upon certain corporate
stock attempted to be conveyed under a deed of assign-
ment made on the same day the levy was made, to the
Second Judicial District Court, Bernalillo County.
Reversed.

The facts are stated in the opinion of the court.

A. B. McMILLEN for plaintiff in error.

F. W. CLANCY and THOS. N. WILKERSON for
defendant in error.

FREEMAN, J.—This is a branch of the case already
determined by this court, of Schofield, Receiver, etc.,
v. Folsom. We have already determined that so far
as relates to the execution of the assignment and filing
of the bond, etc., that it took precedence over the
attachment, and have sustained the action of the court
below in quashing the attachment in that case. This
case, however, presents an additional question not
involved in the discussion of that. It is this: A part
of the property attempted to be conveyed by deed of
assignment was stock in the Red River Cattle Com-
pany and in the Carisozo Cattle Company. The writ
of attachment was issued on the thirty-first of October,
1893, and on the next day, at 10 o'clock, A. M., the
deed of assignment was filed in the office of the pro-
bate clerk of Bernalillo county, and on the same day,
between 3 and 4 o'clock P. M., the sheriff of Colfax

county levied the attachment on the stock of the two companies already named, and on the second day of November the deed of assignment was filed in the office of the clerk of the district court.

Some discussion has arisen in this case over the fact that the assignee, after having declared in his preliminary statement that the property conveyed was worth $80,000, was afterward allowed to correct this statement by fixing the value at $34,000, for double the whole amount of which he was obliged to execute bond.

ASSIGNMENT for benefit of creditors: valuation of estate: corrected statement of.

There is no error in this, as we have already determined in the case of Schofield v. Folsom. The first statement was, at the best, a mere estimate; and if, upon further appraisement, it had been ascertained that the property was worth more than the amount named in the assignee's first statement, he would have been required to increase his bond, and we therefore see no reason why he should not have been permitted by the court to show that in his first estimate he had placed the valuation too high.

The principal contention, however, arises over a matter that is by no means free from doubt. The statute regulating the transfer of stock in an incorporated company is as follows: "The stock of the company shall be deemed personal estate and shall be transferable in such manner as shall be prescribed by the by-laws of the company; but no transfer shall be valid except between the parties thereto, until the same shall be so entered upon the books of the company, as to show the names of the parties, by and to whom transferred, the number and designation of the shares, and the date of the transfer." Comp. Laws, sec. 200. The stock levied on in this case stood on the books of the company in the name of Folsom, the defendant in the attachment proceeding. The certificates, however,

TRANSFER of corporate stock: failure to enter on books: title.

representing this stock, it is admitted, were in the possession of a third party, having been hypothecated to secure certain indebtedness due from Folsom. For the purposes of this argument it is admitted, also, that, so far as it was within the power of Folsom, he had conveyed, or attempted to convey, his interest in this stock to the assignee, except that he had totally failed to comply with the statute, which requires the transfer to be "entered on the books of the company;" that is to say, Folsom, the failing debtor, had made a general assignment of all of his property to the assignee for the benefit of all of his creditors, the plaintiff in error having in the meantime (after the execution of the deed of assignment, and before the execution of the bond upon the part of the assignee) sued out a writ of attachment, which he had levied, or attempted to have levied, upon those stocks. If the deed of assignment executed by Folsom was a valid transfer of these stocks, then it is admitted that the action of the court below in quashing the attachment was proper, and will have to be affirmed. If on the contrary, the deed of assignment did not convey Folsom's interest in this company, or, in other words, was not a proper transfer of these stocks, then whatever of interest he may have retained by reason of his failure to properly transfer them was subject to attachment, and therefore the action of the court below in quashing the attachment was erroneous. On the part of the plaintiff in error it is insisted that the attempted assignment of the stock was void by reason of the fact that it did not comply with the requirements of the statute, which provides the mode by which stocks of this character may be transferred. On the part of the defendant in error it is insisted that under the assignment law it is competent for a failing debtor to assign all of his interests, of whatever character, in all classes of property, real, personal or mixed, and that this transfer is not subject

to the statutory requirements which are invoked in this case. We are therefore called upon to determine whether that provision of the statute which declares, "But no transfer shall be valid, except between the parties thereto, until the same shall be so entered upon the books of the company," is applicable to the transfer made by an assignor to an assignee. In Wisconsin, under a statute identical with ours, it was held that the language of the statute was imperative, and that no transfer of stock was valid, except as between the parties, unless the transfer was entered upon the books of the company. In re Murphy, 51 Wis. 519. The same is the doctrine of the California courts. Weston v. Bear Valley Mining Co. 5, Cal. 186; Strout v. Natoma W. & Mining Co., 9 Cal. 78; Naglee v. Wharf Co., 20 Cal. 529. Chief Justice SHAW, in the case of Fisher v. Bank, 5 Gray, 373, in passing upon a provision in the charter of the bank to the following effect: "The stock of said bank shall be transferable only at its banking house and on its books,"—said: "The clause itself is too clear to admit of doubt,—'shall be transferable;' that is, capable of being transferred. The largest and broadest term to express alienation on the one part, and acquisition on the other. The word 'only' carries an implication, and is as distinct as negative words could make it. There is no other mode. It was not to prescribe one mode, leaving the others unaffected. It made that mode exclusive." The cases of the Union Bank v. Laird, 2 Wheat. 390, and Rock v. Nichols, 3 Allen, 342, are cited as supporting the same proposition. The facts in the case last cited were that Rock, the holder of certain shares in a railroad company, sold them to Nichols, but the conveyance was not recorded in the books of the company, as required by the statute. Under the conveyance thus made, the same shares were sold under an execution against Rock; and the supreme court, speaking by

Judge METCALF say, "That they could lawfully be so taken admits of no doubt." Fisher v. Essex Bank, 5 Gray, 373. In the case at bar it is admitted that the certificates representing the stock which it was sought to attach were not in possession of the debtor. They had been, as already observed, hypothecated. Some question has been raised as to the regularity of the levy of the attachment. It is unnecessary, however, so far as concerns the disposition of this case, to determine any question arising out of this supposed informality. It is enough for the purposes of this case for us to determine—as we do determine—that the assignor having failed to comply with the terms of the statute prescribing the mode, and only mode, by which property of this sort could be conveyed, the assignee took no title, and that therefore the motion to quash the attachment for the reason that the property attached had already been conveyed by assignment was improperly allowed; and for that reason the action of the court below must be reversed.

SMITH, C. J., and FALL, J. concur.