PARMENIUS R. THOMASON, plaintiff in error, *vs.* ISAH S. FANNIN, administrator, defendant in error.

PARMENIUS R. THOMASON, plaintiff in error, *vs.* ANTOINE POULAINE, executor, defendant in error.

54 361
96 11

1. Under sections 3527 and 3722, a case which has been sent back to the superior court by the supreme court, is in order for trial at the term at which the *remittitur* is received and made the judgment of the superior court, subject to the rules for continuances as provided by said sections.

2. If a party is sued at law and has a legal defense, he must avail himself of it at law pending the suit, and cannot afterwards ask for relief, unless he was prevented from so pleading his defense by fraud, accident, or the act of the adverse party, unmixed with negligence on his part.

3. Where a creditor, in 1863, promised his debtor that he would receive Georgia and Confederate States bonds in payment of his claim, and the debtor sold property to obtain the bonds, and tendered them to his creditor two or three months afterwards, which were refused, whereby the debtor alleges that he was damaged to the amount of the debt—the latter, if he has any cause of defense on account thereof, has a legal defense to an action brought against him on the claim, which he should have asserted at law; and if he be not prevented from so doing by fraud, accident, or the act of his adversary, unmixed with negligence on his part, a demurrer to a motion made by the debtor under the relief act of 1868, to open the judgment rendered against him on said claim, and to be let in to make the defense, was properly sustained by the court.

McCay, Judge, dissented.

Practice in the Superior Court. Judgments. Relief act of 1868. Before Judge BARTLETT. Morgan Superior Court. September Term, 1874.

The two cases above stated were argued and decided together. This report will be confined to the first, which was before this court at a former term: See 50 *Georgia Reports*, 614. The facts of the second are identical, so far as they affect the principles involved.

Fannin, as administrator upon the estate of Mary Johnston, deceased, brought complaint against Thomason to the September term, 1866, on a note for $3,119 81, dated February 13th, 1861, and due at twelve months. On March 4th, 1867, the defendant confessed judgment for the full amount sued for.

At the November term, 1869, he moved to have said judgment opened, under the provisions of the relief act of 1868, upon the following grounds :

In the year 1863, this defendant went to Lancelot Johnston, who acted as the agent of the plaintiff's intestate in loaning him the money for which said note was given, and asked him if he would take interest-bearing Confederate notes and state bonds in discharge of said obligation, to which he agreed. Acting upon this agreement, the defendant sold two hundred and four bales of cotton which he had in the warehouse of Walker & Son, at Augusta, realizing from the same the net sum of $10,191 00, with which he bought Confederate notes and state bonds to an amount sufficient to pay off the note in full. Some two or three months after the agreement aforesaid, he tendered these to the payee of said note, through her duly authorized agent, the said Lancelot Johnston, when he replied that he had changed his mind, and would not take them at all. By reason whereof, said Confederate notes and state bonds have been lost entirely to this defendant, to his damage the amount of the note aforesaid.

Upon demurrer, the motion was dismissed, and the defendant excepted.

When this case was called for trial, the defendant objected to its proceeding upon the ground that it had been before the supreme court for review, and the *remittitur* from said tribunal had been received and made the judgment of the superior court at the term then in session. The objection was overruled, and the defendant excepted.

Error is assigned upon each of the aforesaid grounds of exception.

B. H. HILL & SON ; T. H. S. BROBSTON, for plaintiff in error.

R. TOOMBS ; FANNIN & BILLUPS ; A. G. & F. C. FOSTER, for defendant.

TRIPPE, Judge.

1. Section 3527 of the Code declares, in plain terms, that when a cause is sent back to the superior court by the supreme court, the same shall be in order for trial at the *first term* of the said superior court *next* after the session of the supreme court. · There would be no doubt as to the construction to be given to this section, did not section 3722 provide, that if a new trial is ordered by the supreme court, said case shall stand for trial at the *next* term of said superior court *after* the *remittitur is returned* from the supreme court. If this last provision means that the *remittitur* is *returned when* the next term of the superior court is held, and it is made the judgment of the court below, there is a conflict between the two sections. For, under this view, the case would not be for trial until the next succeeding term of the superior court—the term after making the judgment of the supreme court the judgment of the superior court. If a fair construction can be adopted to prevent such a contradiction by one section of the other, it should be done. If it be held that the *remittitur* is returned from the supreme court when it is made out and sent off by the clerk, as is by law provided, no conflict exists. Certain it is that justice will be more speedily administered and the rights of litigants less delayed under the construction we put upon the two sections, than if it were held that the law itself postponed for six months longer the rights of parties to a hearing. That construction is, that such new trial is in order at the term of the superior court at which the *remittitur* is received and made the judgment of said court. Of course, this trial is subject to the rules for continuances as provided in said sections; and this relieves the ruling we make from any hardship on either party.

2. It is a universal rule in our jurisprudence that when a party is called into court to answer a suit at law, he must make his legal defenses before judgment is rendered. He cannot go to sleep, and after judgment has gone against him, ask to be relieved from what his own neglect has brought

upon him.   This strict and necessary rule is upheld and fully recognized, as to legal grounds of defense, in all those cases where the defendant has been allowed, after judgment, to go into a court of equity and there set up equitable defenses. which had not been asserted pending the action at law.   There is a reasonable and proper qualification of the rule in cases where the defendant was prevented from pleading his defense at law by fraud, or the act of the adverse party, or accident, unmixed with negligence on his part.   With this modification, courts should be slow to permit any departure from a long established and vital principle, which lies at the foundation of another rule of public policy—*interest reipublicœ ut sit finis litium.*   The law aids the vigilant; it is slow in coming to the rescue of those who sleep over their rights.   I am not prepared to attack, on authority, those decisions which permit a party to make all the resistance he can *at law* to prevent a judgment against him, and who, though he may be fully cognizant all the while of equitable rights of defense, may omit to assert them, and as soon as he fails in one contest, is allowed to resort to another forum and reopen the litigation by setting up what he calls an equitable defense.   It allows a defendant two chances at the same case.   He can, by it, twice litigate the same party against the same claim—once at law, and once in equity—whilst it was in his power all the while to have consolidated the whole case by a bill in equity and by one trial to determine all litigation growing out of it. This resort to equity was necessary, under the old system, to set up a purely equitable defense.   But now, since 1863, he can, at law, plead both legal and equitable grounds of defense. In my opinion—and I speak only for myself—since all rights of defense may now be set up at law, that would be the safest, the wisest and most salutary rule, which would require a defendant, when sued at law, to assert and plead all defenses he may have, both legal and equitable, or thereafter stand barred as to them, unless for some good reason which will excuse the omission.

3. But it is not necessary to so hold in this case to justify the judgment rendered. · The defense attempted to be asserted under the act of 1868 by the plaintiff in error, is not an equitable defense. It is, in my opinion, a legal one, and could, at law, have been pleaded to the original suit. It is a defense not *created* by the act of 1868. It could not have been *created* a defense by that act, or any other, passed after the transaction occurred. It must have been good as a defense to the note when the alleged damage occurred, or it could not afterwards have been legislated into one. Certainly it could not have been enacted into a defense after judgment on the claim, and at the same time the party have a right given him to open the judgment to let it in. Was it a ground for defense at law? The debtor says the creditor agreed to take certain things—bonds—in payment of the debt, if he, the debtor, would procure them; that he did, at a loss to himself, procure them, tender them, and they were refused, and that he now has them, and they have been lost and become worthless on his hands. If this alleged agreement between the parties was binding, and I do not say it was not, the creditor was bound to accept the bonds when tendered; and if he refused, and the debtor held them, his possession was for the benefit of the creditor, who thereby became the owner; and as long as the debtor, or he who was once the debtor, took ordinary prudence in their preservation, the creditor could not recover the debt. All he was entitled to was what he had agreed to take. And all this could have been determined at law: See Code, section 2877. In my opinion, the debt would have been discharged, and the debtor converted into a bailee of the creditor, so long as he held the bonds for and subject to the command of the latter, and discharged his other duty as to care and protection of the articles. But if this be not so, there is another provision of the Code which seems to me to determine the question, even had the debtor, after refusal of the creditor to accept, considered the contract broken, as he had a right to do, and disposed of the bonds at a loss or sacrifice. If by the breach of the con-

tract the debtor had been damaged, whether that damage was as great as, or less than, what he owed, he could have pleaded that damage at law as a set-off to the note which his creditor held. Each party would have been pleading or asserting a claim arising from a breach of contract, and the rule as stated is clearly provided in section 3261 of the Code. It is not intended by this to deny that there may be and are cases where a defendant at law fails to plead a set-off, and is afterwards permitted in equity to be heard by way of asserting it against the enforcement of the judgment He is not bound to plead his set-off. By failing so to do, he does not lose his right of action therefor. He can, at any time within the statutes of limitation, bring his own suit for it. But when he fails to plead the set-off to the action of his creditor against him, and after judgment asks to have it let in against the judgment, it can only be done under special circumstances which will give him the right as a particular equity—such as the insolvency of the other party, or other facts showing that he has no other way for collecting his cross-claim. The bill he may be allowed to file operates as an equitable garnishment on himself, and as he cannot garnishee himself at law, he is permitted to resort to equity. But as he must make a special oath to obtain a summons of garnishment at law, so he must set up special grounds before equity will arrest the enforcement of a judgment for the purpose of letting in a set-off against it. I will not say that under the provisions of the Code upon the subject of recoupment, the debtor could have protected himself; that is, could at law have recouped for his alleged damages. It would be a peculiar case where the same matter could be pleaded either as a set-off, or by way of recoupment, and yet here there was another agreement or contract, made, it is true, not at the time of the original contract, but still connected with it and made under it. The first was to be affected, even completely met or discharged, by the latter. It pretty nearly, if it does not completely, meets the rule as to recoupment. Of course a defendant may, after failing to plead recoupment at law, under special equitable facts be heard in a

court of equity.  But to do so he must make the same equitable showing that would excuse him for failing to plead other legal defenses, or that would avail him so as afterwards to be heard in a matter of set-off.  This last point as to recoupment is merely suggested as a possible addition to the other legal defenses which could have been raised to the original action.  But be that as it may, I have no doubt that the plaintiff in error could, as a matter of legal defense, have asserted, before judgment was obtained against him, everything he is now claiming; that he has shown nothing to excuse himself for not so doing; that no new right was given him by the act of 1868 applicable to his case as he has made it in his motion, and that as he failed to plead at all to such action at law, he cannot now, after the lapse of years, ask to open the judgment and to be let in to be heard, without offering special reasons for not having defended himself before judgment, or some special equitable ground why he should be allowed now to do so.  The ruling made in this case is not only not in conflict with *Pollock vs. Gilbert,* 16 *Georgia,* 398, but I think is in perfect accord with it.  It was there said, " the rule is stern and inflexible that a party cannot ask for relief in equity on the ground that he has failed to make a legal defense at law, even where the judgment at law is manifestly wrong, unless he was prevented from doing so by fraud or accident unmixed with any fraud or negligence in himself or agents."  There are some suggestions in this opinion against the policy of one of the rulings in that case, but its authority is recognized, except as to what may be the future decision on the question, as it may be affected by the new provision allowing equitable defenses at law.  But if the position I take in this case be true, to-wit: that the defenses of Mr. Thomason are legal defenses, such as could have been asserted at law, then *Pollock vs. Gilbert* clearly sustains our conclusion.  Nor has the contrary been asserted in any of the judgments or opinions which I have seen in those cases on which the plaintiff in error relies.  They were put on the ground that the defense was an equitable one, that the failure to set it up in the origi-

nal suit did not bar the right to go into equity, and that the act of 1868 relieved from the necessity of resorting to a bill, but permitted the relief to be obtained by motion. In other words, that act merely substituted the motion therein provided for a bill in equity. None of them denied that if the defense was a legal one it must have been pleaded before judgment at law. In no decision has it been held that such a defense could be raised under the act of 1868 merely because it had not been set up on the trial at law. In *White vs. Herndon*, 40 *Georgia*, 497, BROWN, Chief Justice, said: "I hold that when a party is sued in a court of law, he is bound to make any legal defense which he has against the claim of plaintiff, and if he is not prevented by fraud, accident, or the act of the adverse party, unmixed with negligence on his part, and fails to make his defense, the judgment, whether erroneous or not, if not excepted to within the time allowed by law, is conclusive against him, and the legislature has no power to open it to let in any legal defense which existed at the time of the trial." This was said in a case arising under the act of 1868, and in all such cases it has been recognized that the operation of that act *quoad* the question now being considered, was confined to defenses purely equitable. If they were of that character, then the act permitted to be done by motion what otherwise would have required a bill in equity. So the question here is, could the debtor have, at law, as a legal defense, asserted the rights he now attempts to set up? I have no doubt he could, completely and fully. Nor has he alleged any excuse for not defending the original action, or any equitable cause that would now permit him to open the judgment and to be heard against it. If that be true, there is no decision that he can now open the case under the act commonly called the relief act of 1868, and the judgment sustaining the demurrer to such a motion was right.

Judgment affirmed.

WARNER, Chief Justice, concurring.

The allegations in the defendant's motion to open and reduce the plaintiff's judgment, contained no legal or equitable grounds to have authorized the court to do so, and for that reason the demurrer thereto was properly sustained by the court below.

McCAY, Judge, dissented, but furnished no written opinion.