TOWN OF ST. JOHNSBURY ET ALS. *v.* BAGLEY AND PADDOCK.

[IN CHANCERY.]

*Bill to Reform a Deed. Judgment at Law.*

Where a bill to correct a mistaken description in a testator's deed, was brought by the party to whom the heir of the devisee had, without consideration, quitclaimed the land claimed to have been mistakenly conveyed, and who had notice that the heir asserted no claim thereto, and it was alleged, simply, that the testator *devised all his real estate* to the devisee, and appeared that neither the testator, the devisee, nor the heir, ever asserted or claimed any right as against the legal title and estate conveyed by the testator, *Held*, that upon the allegation as to the will, the will conveyed only the legal estate of the testator, and that the inheritance would not extend beyond that, at least not until the devisee or heir had asserted and established a right as against the legal title and estate conveyed by the testator.

Resort to chancery must be seasonably made, when the ground and occasion for it are seasonably known, or relief will be refused. Thus, where a suit at law is suffered to go to final judgment, when the facts showing a resort to chancery necessary are seasonably known, the judgment at law will be conclusive.

APPEAL from the Court of Chancery.

This was a bill to reform a deed from Ephraim Paddock to defendant Bagley, alleging that in the 5th course in the description, the word *east* was erroneously used instead of the word *west*, whereby more land was conveyed than was intended to be; that Paddock willed all his real estate to his wife, who died, leaving it all to defendant Paddock, her son and sole heir, who had quit-claimed his interest in the land erroneously included in said deed, to the town of St. Johnsbury; that the other orators, as selectmen of the town, had entered upon said land and subverted the soil thereof, for which said Bagley, well knowing that said deed erroneously included said land, and that he had no equitable right thereto, had brought trespass against them, and on trial had recovered judgment for damages and costs.

*Prayer*, that the said deed be reformed, and said Bagley enjoined from enforcing said judgment.

The answers denied the error alleged, averred that defendant Paddock did not pretend or claim to have any interest in the land covered by his quit-claim deeds, and made said deeds without consideration and as a gratuity, and that in no event could said deeds convey title, as Bagley was in adverse possession at the time of their execution.

The answers were traversed and testimony taken. The court, Ross, Chancellor, dismissed the bill, *pro forma*, with costs. Appeal by orators.

*Belden & Ide*, for the orators.

*A. M. Dickey* and *Harry Blodgett*, for the defendants.

The opinion of the court was delivered by

BARRETT, J. The orators' claim is rested on the ground that by mistake, Paddock's deed to Bagley covers more land than was bargained and paid for by Bagley, and by so much more than was understood by Judge Paddock and Bagley to be covered and conveyed by that deed, and that the mistake consists in erroneously using *east* for *west* in the 5th course in the description. The

property of Judge Paddock passed to his wife, and from his wife was inherited by his son Horace. Horace gave a quit-claim without consideration, to the orators, of the land in question. In virtue of this conveyance by Horace, the orators claim as against Mr. Bagley.

The legal title, by force of Judge Paddock's deed, is in Bagley. Neither Judge Paddock, nor his widow, nor Horace as her heir, ever claimed any right, either legal or equitable, as against Bagley's legal title. Horace, at the time of giving his deeds to the orators, disclaimed any right or title as against Bagley in the premises in question. Those deeds were a gratuity, and without consideration. Horace represents his mother in respect to any right against Bagley; and these orators stand on the right of Horace. Nothing has accrued to them beyond what Horace had at the time he quit-claimed. They have no right or claim that he had not. They have done nothing to entitle them to do or assert anything beyond or different from what Horace could assert or do against Bagley. All that is known as to the will of Judge Paddock, is set forth in the bill. That only asserts that by that will he devised all his real estate to his wife, and that all of said real estate descended to Horace as sole heir of his mother. Upon the face of this showing, the will would convey only the legal estate, and the inheritance would not extend beyond that. At any rate, nothing beyond that would be available to the devisee or her heir, as against the conveyance of the testator of the legal title to Bagley, unless she or her heir had asserted and established a right against Bagley as against the legal title and estate conveyed by Judge Paddock to him. Only the legal right under the will of Judge Paddock was in Horace when he conveyed to the town, and only such legal right was covered and conveyed by that deed; he did not profess or intend to convey anything more, nor does the deed from him to them convey anything more. It is obvious then that they have no standing for asserting their claim by force of that deed. And it is not pretended that they have done or suffered anything but merely taking that deed as a gratuity, to give them any equitable interest or right as against Bagley's legal title. They have paid no money; they have not

been deluded by misrepresentation into any acts or outlay to their prejudice. They took the gratuity with full notice that the giver made no claim as to the subject-matter of it, and went on in their own way and on their own responsibility for consequences. We know of no chapter or case in the books that gives an equity that warrants the claim of the orators, or warrants the assertion of it by this proceeding. We make no account of the alleged mistake in the deed, and assume that it is just as is alleged.

Another view is equally fatal in this case, even if the mistake existed, and the orators had been at first entitled by the quit-claim of Horace Paddock to have it corrected. The judgment at law has concluded the matter as the result of a protracted litigation, at the beginning of which all the facts were known bearing on the title and rights of the parties, both legal and equitable. It would be the first case known to equity administration if now, after such a lapse of time, and such a litigation and judgment at law, a court of equity should interfere with the legal effect of that judgment. Help must be seasonably asked when the ground and occasion for it are seasonably known, or the court will feel bound to decline application for it. And by no means will it accord it, to relieve the party from the results of an experiment of his own, involving delay, vexation, and expense to the other party.

The decree dismissing the bill with costs is affirmed. We have no occasion to consider the motions to suppress evidence.