ELIZABETH GRUBB, administratrix, plaintiff in error, *vs.* JACOB H. KOLB *et al.*, defendants in error.

(BLECKLEY, Judge, having been of counsel in this case, did not preside.)

If a complainant in equity has been before a competent tribunal at law, which has given judgment against him, that judgment, unless reversed, is conclusive upon him in the other forum as to matters of defense which he might have presented at the proper time.

Equity. Judgments. Before Judge HOPKINS. Fulton county. At Chambers. June 15th, 1875.

Reported in the decision.

R. H. CLARK, for plaintiff in error.

A. W. HAMMOND & SON, for defendants.

WARNER, Chif Justice.

This was a bill filed by the complainant against the defendants, to recover the possession of a certain described city lot, in the city of Atlanta, or asking that the same might be sold for her benefit, on the terms and conditions as therein prayed for. The defendants demurred to the complainant's bill, includin

the exhibits thereto attached as a part thereof, for want of equity. The court sustained the demurrer, and the defendant excepted.

It appears from the complainant's bill and exhibits, that the defendants therein brought an action of ejectment against the complainant to recover the possession of the same lot of land, in January, 1852, and obtained a judgment therefor in 1867. In February, 1871, the complainant was turned out of possession of the lot under that judgment, and Kolb, one of the defendants, was put in possession thereof. On that trial in the common law court, the complainant claimed the right to the possession of the lot, under a bond for title from Cone, contending that all the purchase money for the lot had been paid. The evidence as to that fact was conflicting, and the jury found for the plaintiffs in that suit, now defendants in the present bill. The equity which the complainant now seeks to assert, is, that inasmuch as a part of the purchase money was due for the land, that was an equitable defense that she was not bound to have made on the former trial in the common law court, and therefore she is not concluded by that common law judgment, but may now assert her right to recover the lot in a court of equity. Before the adoption of the Code the general rule was well established that a court of equity would interfere to set aside the judgment of a court having jurisdiction, only where the party had a good defense of which he was entirely ignorant, or where he was prevented from making it by fraud or accident, or the act of the adverse party, unmixed with fraud or negligence on his part. In *Kenan & Rockwell vs. Miller,* 2 *Kelly's Reports,* 325, it was held that "if a complainant in equity has been before a competent tribunal at law, which has given judgment against him, that judgment, unless reversed, is conclusive upon him in the other forum, even as to matters of defense which he might have presented, but neglected to introduce at the proper time; and that, too, notwithstanding the decision disallowing his plea was erroneous." See, also, *Bostwick vs. Perkins,* 1 *Kelly's Reports,* 136 ; *Stroup vs. Sullivan & Black,* 2 *Ibid.,*

275.  Since the adoption of the Code, when a party is sued on the common law side of the court and has an equitable defense thereto, he may plead such equitable defense and obtain the same relief in the common law court as he could have done in a court of equity, in all cases where the machinery of the common law court is adequate by moulding the verdict so as to give to the party the equitable relief which he claims. In the case of *Fannin, administrator, vs. Thomasson,* 45 *Georgia Reports,* 533, I concurred in the judgment of that case, not on the ground that the plaintiff could go into equity after he had been before the common law court, but on the ground that he was concluded by the judgment which had been rendered in the case, and for other reasons which appear in my concurring opinion.   Assuming that Cone was bound to make a title to the lot to the complainant when the balance of the purchase money due for the lot was paid (and not to Carmichael or his assignee, to whom the evidence in the record shows the bond was payable,) she had full knowledge of all the facts which constituted her equitable defense then, as well as she has now, and was bound to have availed herself of it then, and having failed to do so she is now concluded by that judgment.   We will not undertake now to say that no case can arise in which a party would not be concluded from asserting his equitable rights in a court of equity after a judgment against him in a common law suit, but, as a general rule, in view of the provisions of the Code, when sued, he should avail himself of all his defenses, both legal and equitable, then known to him, or he will be concluded; for the public interest requires that there should be an end of litigation, and that it should not be protracted by litigating in a court of common law, and then in a court of equity, when the one court is as competent to grant adequate relief as the other.   There is nothing in the complainant's case as made by her bill and exhibits thereto, which will take it out of the general rule above indicated.   The common law court in which the judgment was rendered against her in the ejectment suit was as competent to have granted to her the same equitable relief on the trial of that

suit, if she had sought to have obtained it, as a court of equity, the aid of which she now invokes after the lapse of several years; and although she may not be technically barred by the statute of limitations, still the lapse of time is an additional reason in favor of the policy of the law which forbids the re-opening of the judgment of the court in a case in which she has been heard, or might have been fully heard, in relation to the same equitable rights which she now claims in her bill. There was no error in sustaining the defendant's demurrer.

Let the judgment of the court below be affirmed.