## CHARLES P. GILSON *v*. GEORGE M. WHITNEY.

### [ IN CHANCERY. ]

#### *Mortgage. Foreclosure. Opening of Decree.*

W. and wife executed to G. a mortgage of certain premises subject to a prior mortgage to H. W. afterwards procured the buildings to be insured for H's benefit. H. died, and the administrator of her estate filed a petition to foreclose, to which W. and wife and G. were made defendants, and obtained a decree for payment of $931.33, then due, and other sums thereafter to become due, with a year to redeem on each sum. Shortly before default in payment of the first installment, the buildings were burned. Shortly after that default, but before default in payment of any subsequent installment, the administrator received the insurance money, which amounted to $906.15. No other payment was ever made. *Held*, that whether that payment operated for the benefit of all the defendants or not, it operated to waive the forfeiture through default in payment of the first installment only, and did not open the decree as to payment of subsequent installments.

PETITION FOR FORECLOSURE. The petition was answered. The facts are stated in the opinion of the court. The case stood on petition and answer, and at the December Term, 1878, the court, BARRETT, Chancellor, dismissed the petition, *pro forma*, without hearing, with costs.

Appeal by the petitioner.

———— ————, for the petitioner.

The receipt of the insurance money opened the decree as to the petitioner. 1 Washb. Real Prop. 644 ; *Lawrence* v. *Fletcher*, 10

Met. 344 ; *Deming* v. *Cornings*, 11 N. H. 474 ; *Converse* v. *Cook*, 8 Vt. 164 ; *Wheeler* v. *Willard*, 44 Vt. 640.

The defendant is estopped from asserting Mrs. Ward's after-acquired title. 2 Washb. Real Prop. 473 ; *Jarvis* v. *Aikens*, 25 Vt. 635 ; *Williams* v. *Thorn*, 11 Paige, 459. It makes no difference that she was a married woman and covenanted in a conveyance with her husband. 2 Washb. Real Prop. 477 *et seq. ; Hill* v. *West*, 8 Ohio, 222 ; *Colcord* v. *Swan*, 7 Mass. 291 ; *Nash* v. *Spafford*, 10 Met. 192.

*W. E. Johnson*, for the defendant.

The decree was not opened by payment of the insurance money. The payment was not made by Ward. Payment, to open a decree, must be on the debt, by the person owing it.

The defendant is not estopped from asserting the after-acquired title.

The opinion of the court was delivered by

Ross, J. This is a petition to foreclose a mortgage executed by Jacob W. Ward and Eliza R. Ward, his wife, to the orator, July 27, 1866, on certain land, mill privilege, and machinery in Plymouth, Vt., conditioned for the payment of J. W. Ward's note of $600. At the time of the execution of this mortgage, Eliza R. Ward had no title or interest in or to the premises. There was then resting upon the premises, not covering the machinery, a prior mortgage to Hannah Headle, the mother of Eliza R. Ward. Jacob W. Ward and Eliza R. Ward both joined in the covenants in the mortgage to the orator, which contains the usual covenants against incumbrances, and of warranty of title, excepting therefrom the mortgage to Hannah Headle. After the decease of Hannah Headle, which occurred some time previous to December, 1870, her administrator foreclosed the mortgage held by her, making Ward and wife, the orator, and others, defendants. Ward had in the meantime procured an insurance on the buildings and machinery on said premises for about $1,000, payable in case of loss to the mortgagee, Hannah Headle. At the time of the decree for the foreclosure of the Headle mortgage, December Term,

70

1870, there was due on that mortgage $931.33, and there would become due thereon April 1, 1871, $224, and April 1, 1872, $212. One year to redeem was allowed to the defendants on each of said sums, and, in default of such payments within the year allowed the defendants to redeem, they were to be foreclosed of all equity of redemption in the premises. November 30, 1871, a short time before the decree would become absolute in default of the first payment, the buildings on the premises were consumed by fire. January 12, 1872, after the year allowed for redeeming the first installment had expired, the administrator of Hannah Headle received from the insurance company, in settlement of said loss, on the order of J. W. Ward, $906.15. If this be a payment, no other payments were ever made to redeem the premises from the decree of foreclosure. Eliza R. Ward was the sole heir of Hannah Headle. The administrator of Hannah Headle duly conveyed by quit-claim deed the premises to Eliza R. Ward, and the defendant, by various regular conveyances, has obtained her title thereto. Two questions are made on these facts. First, whether the receipt by the administrator of Hannah Headle of the $906.15 from the insurance company, was such a payment as opened the decree so as to give the orator the right to redeem the premises from that foreclosure ; and secondly, whether the subsequently acquired estate of Eliza R. Ward in the premises passed to the orator by reason of her joining her husband in the cove-. nants in the orator's mortgage. The second question arises only in case the receipt of the $906.15 by the administrator opened the decree in such a manner and to such an extent as to relieve the orator from its operation. Conceding for the present that the receipt of the $906.15 was such a payment as operated for the benefit of all the defendants in that decree, in regard to which no opinion is at present expressed, it operated only to waive the default in the payment of the sum of $931.35, or the first installment to be made by the defendants under the decree. It would be applied to the extinguishment of that installment so far as it was sufficient for that purpose. It was not sufficient to fully satisfy the first installment on which default had then been made. There was nothing left to apply on the two subsequent installments,

on which default had not then been made. The orator subsequently made default in not paying these two subsequent installments. If opened as to the default on the first installment, the decree became again binding on the orator, and his equity of redemption in the premises barred by these subsequent defaults in the payment of the last two installments.

In *Smalley* v. *Hickok*, 12 Vt. 153, COLLAMER, J., states the doctrine in the following language : " It is a general rule that the receiving, in whole or in part, the mortgage debt included in a decree of foreclosure, after it has become absolute, will let in the mortgagor to redeem. But the whole of that doctrine amounts to but this, taking money for which a forfeiture has accrued, is, in chancery, a waiver of such forfeiture, and of all forfeitures then existing. This is all the authorities show. Hickok, by taking the second installment in the decree when the first was overdue, waived the forfeiture then existing ; but that did not vacate the decree as to the subsequent installments, which the mortgagor remained bound to pay, according to the decree." The application of this principle to the facts of this case, shows that the decree in favor of the administrator of Hannah Headle is still absolute against this orator, and bars his right to maintain the present suit. This holding renders the consideration and decision of the second question made by the orator unnecessary.

The *pro-forma* decree of the Court of Chancery dismissing the bill with costs is affirmed, and the cause remanded.