THOMAS D. CARROLL *v.* McCULLOUGH.

McCULLOUGH *v.* WM. CARROLL, JR.

WM. CARROLL, JR., *v.* McCULLOUGH.

PHEBE CARROLL *v.* McCULLOUGH.

</div>

A defendant's failure to present his defence, caused by the negligence of himself or his counsel, is not a cause for a new trial.

For good cause, the time of redeeming land from the levy of an execution can be extended.

SMITH, J.   In the first case, we arrested the argument at the June term, 1883, with the remark that so long as the judgment recovered by McCullough against Phebe and Thomas D. Carroll

in the real action remained unreversed, it constituted a bar to any relief sought by the plaintiff. The plaintiff insisted that there was no consideration for the note which was the foundation for the judgment recovered by McCullough against Phebe Carroll, and that the judgment was a fraud upon him, which he ought to be permitted to show. Further hearings have since been had at the trial term, upon the plaintiff's motion for leave to prove the fraudulent character of that judgment, and the want of consideration for his deed to McCullough. After a full hearing he has failed to establish any of the facts which he requested leave to prove, and it is found justice does not require that the judgment should be vacated in any respect.

The plaintiff has also had a hearing upon his petition for a new trial in the real action, McCullough against Phebe and Thomas D. Carroll; and a new trial has been denied, upon the ground that his failure to make his defence when that action was pending was the result of his own negligence and of negligence on the part of his former counsel. To this finding he excepted. The exception is not tenable. Equitable relief will not be afforded when the party claiming it has, by his own fault or negligence, or that of his attorney, brought upon himself the injustice against which he seeks a remedy. The statute granting a new trial (G. L., c. 234, s. 1) was not intended to give relief against the results of a mistake or accident occasioned by the party's own fault or negligence. *Bergeron* v. *Bank*, 62 N. H. —;—see, also, *French's Petition*, 17 N. H. 472; *Matthews* v. *Fogg*, 35 N. H. 289; *Handy* v. *Davis*, 38 N. H. 411; *Heath* v. *Marshall*, 46 N. H. 40; *Holton* v. *Olcott*, 58 N. H. 598; 2 Sto. Eq. Jur., ss. 887, 894, 895.

The plaintiff claims that it would be inequitable to permit the defendant McCullough to reap the benefit of the plaintiff's expenditures upon the mortgaged premises without reimbursing him therefor, his agreement with Phebe, dated March 9, 1880, being prior to the attachment on the defendant's writ against her. If this is an agreement for the conveyance of an interest in land, it was not recorded, and it has not been found that McCullough had notice of it or was put upon inquiry in regard to it. A purchaser of land, in the absence of notice to the contrary, has the right to suppose he is buying with all the incidents and appurtenances which the law, as a general thing, annexes to his purchase. *Haven* v. *Emery*, 33 N. H. 66, 69. The point might perhaps be made, that the plaintiff only stipulated for a deed of one half acre of land when the house should be finished, and he has never finished it; or that the deed is void for uncertainty *(Darling* v. *Crowell*, 6 N. H. 421); or that there is no presumption that the plaintiff had the right to remove the building. *Bean* v. *Brackett*, 34 N. H. 118. However much consideration these points might otherwise deserve, we do not need to inquire, for the attachment of the equity of redemption of Phebe Carroll in the farm including the buildings, the levy of

McCullough's execution thereon, the sale and deed by the officer to McCullough, the writ of entry based upon that title, the judgment in that suit for the possession of the farm (which would include the buildings and half acre), and the execution of the writ of possession by the officer, are a bar to the claim of the plaintiff to the buildings and half acre.

But it also appears that in April, 1882, and some two months after the plaintiff was evicted from the premises and the defendant put in possession by the officer, the plaintiff conveyed to Norris all his interest in the land and buildings, and Norris conveyed the same to William Carroll, Jr., in June following. By his deed the plaintiff divested himself of all the interest he had in the land and buildings by virtue of his contract of March 9, 1880. If he did not also, by his deed, convey his right to be subrogated to the rights of Carpenter in the mortgage, it remains to inquire whether, being barred by the judgment in the real action, equity can afford him any relief.

If the payment of $978.70 made him co-mortgagee by subrogation with Carpenter, the mortgage title was either a defence for him in the real action, or was such an equitable right as would be sufficient by the institution of proceedings in equity to stay the suit at law; and having suffered that suit to go to final judgment without availing himself of the defence or resorting to proceedings in equity, the judgment has become conclusive. *St. Johnsbury* v. *Bagley*, 48 Vt. 75; *Grubb* v. *Kolb*, 55 Ga. 630; *Thomason* v. *Fannin*, 54 Ga. 361: *Hollister* v. *Barkley*, 11 N. H. 501; *Hillsborough* v. *Nichols*, 46 N. H. 379; *Hollister* v. *Abbott*, 31 N. H. 442, 450; 2 Sto. Eq. Jur., c. 23.

*Bill dismissed with costs.*

In the second case, the prayer of the plaintiff for leave to redeem by paying what the defendant paid Carpenter as the balance due on his mortgage must be denied. The defendant, for reasons hereafter stated, owns the equity of redemption, and had the right to redeem from Carpenter.

*Bill dismissed with costs.*

In the third case, when the argument was arrested at the June term, 1883, the plaintiff claimed that the judgment recovered by McCullough against Phebe Carroll was fraudulent as to him, and that he ought to be permitted to show the fraud. The plaintiff joined with Thomas D. Carroll in asking for a hearing, and with him has been fully heard, with the result before mentioned. Being bound by the judgment rendered in that action against Phebe Carroll, the question is, whether he has the right to redeem from the levy of McCullough's execution. The right of Phebe Carroll to redeem would have expired September 15, 1882, and the amount

8*

to be paid was the purchase-money, $1,316.84, and interest from the date of the sale, September 15, 1881. This right she conveyed to Norris, April 3, 1882, and Norris to the plaintiff, June 17, 1882. The statute permits the debtor, or person having his estate or right, to redeem the right in equity from sale on execution within one year thereafter, by paying to the purchaser the purchase-money and any money paid by him to redeem the mortgage, in whole or in part, after entry or notice for the purpose of foreclosure, with interest thereon, and thereupon the sale and deed thereof become void. G. L., c. 238, ss. 5, 14. July 25, 1882, and before the time for redeeming had expired, the plaintiff obtained an injunction, still in force, permitting him to pay the sum of $1,365, or whatever sum he properly ought, into court, to be held until the issues raised by the bill should be determined, extending the right to redeem until that time, and in the meantime restraining the defendant from committing waste. The defendant objects that the court has no power to extend the time for redeeming. The court has "the powers of a court of equity in cases cognizable in such a court, and may hear and determine, according to the course of equity, in case of * * the redemption and foreclosure of mortgages; * * and in all other cases where there is not a plain, adequate, and complete remedy at law; and such remedy may be had by proceedings according to the course of equity, and may grant writs of injunction whenever the same is necessary to prevent fraud or injustice." G. L., c. 209, s. 1. Equity, as a branch of the law, has always existed as a part of the common law, in its broadest sense, in this state. *Wells* v. *Pierce*, 27 N. H. 503, 512; *Walker* v. *Cheever*, 35 N. H. 339; *Ela* v. *Pennock*, 38 N. H. 154, 159; *Copp* v. *Henniker*, 55 N. H. 179, 211; *Greenville* v. *Mason*, 57 N. H. 385, 397; *Truesdale* v. *Straw*, 58 N. H. 208, 222. The court may extend the time for the redemption of mortgaged estate. *Cilley* v. *Huse*, 40 N. H. 358, 362; and its power to apply remedies, as a court of equity, is coëxtensive with its jurisdiction over the subject-matter. 4 Kent 192; 2 Sto. Eq. Jur., c. 23; *Abbot* v. *Banfield*, 43 N. H. 152; *Railroad* v. *Iron Co.*, 50 N. H. 57; *Watkins* v. *Watkins*, 57 N. H. 462.

In the present case the title was in dispute, and in order to prevent injustice it was necessary to extend the time for redeeming from the levy until the matters in dispute could be determined. If the plaintiff's contention was true, the defendant's judgment and levy were fraudulent as to the plaintiff, and there was nothing due. By the payment of money into court the plaintiff expressed his willingness to pay if the defendant should prevail. The order extending the time was not made contingent upon the payment of any sum of money into court. The order was, that the plaintiff be permitted to pay the sum of $1,365, or whatever sum he properly ought, into court, and that his right of redeeming be extended until such time as the issues raised by the bill should be determined.

The bill for leave to redeem was filed, and the order extending the time was made, before the year for redeeming provided by the statute had expired. The money, although not paid into court until the year had expired, was paid in pursuance of the leave granted and before the trial of the issues raised by the bill, and was seasonably paid if any payment was necessary. The amount appears to have been less than the amount of the sale with interest, by a small sum. No objection appears to have been made upon that ground when the money was paid in, and the party may be relieved from the mistake. *Abbot* v. *Banfield, supra ; Ricker* v. *Blanchard*, 45 N. H. 40, 49. The purchaser is liable to the debtor after redemption, for the rents and profits received from the premises over the expenditures made thereon. G. L., *c.* 238, *s.* 10. To avoid circuity of action and a multiplicity of suits, an accounting may be had in this suit of the rents and profits above expenditures received by the defendant since he was put in possession, January 26, 1882; and if, upon such accounting, there shall be found a further sum due to the defendant, the plaintiff may have leave to pay the same within thirty days after the amount shall be determined.

The defendant, having maintained the validity of his judgment and levy, is the prevailing party, and entitled to costs.

In the fourth case the exception presents no question of law. The finding of the presiding judge was one of fact, and final. The exception to the order dismissing the petition is overruled, with costs.

STANLEY, ALLEN, and CLARK, JJ., did not sit: the others concurred.

*Bingham & Mitchell*, for Thomas D. and Phebe Carroll.

*Shirley & Stone*, for Wm. Carroll, Jr.

*A. F. L. Norris* and *A. Whittemore, Jr.*, for McCullough.