EDWARD H. DEAVITT *v.* WALTER L. RING.

May Term, 1901.

Present: TAFT, C. J., ROWELL, TYLER MUNSON START and WATSON, JJ.

Opinion filed August 24, 1901.

*Real estate—Tenancy in common—Redemption by one tenant in common after time of others under a decree of foreclosure has expired* —Redemption by one tenant in common after the time given the others for redemption has expired redeems the premises and arrests the operation of the decree of foreclosure without extinguishing the mortgage, which the redeeming tenant may foreclose against the others. Until such foreclosure, however, the tenancy in common remains, and the tenant who has redeemed cannot maintain trespass or trover against the others in respect to the common property.

TRESPASS AND TROVER for the conversion of certain farm products. Plea, the general issue. Trial by the City Court of Montpelier, *Smilie, J.,* December 22, 1900. Judgment for the defendant. The plaintiff excepted.

The plaintiff was the grantee of Elizabeth Ring. The defendant and said Elizabeth Ring were tenants in common of a farm, on which the crops in question were grown, from the

time they were planted until and at the time of the alleged trespass and trover unless the defendant had been deprived of his interest in the premises by his failure to redeem under a decree of foreclosure. The decree in question provided that the defendant might redeem on or before September 7, 1900, and gave the said Elizabeth Ring, for redemption, seven days thereafter. The defendant did not redeem, and the said Elizabeth, on September 14, 1900, did. On the same day she conveyed the premises in question to the plaintiff by deed of warranty. Shortly afterwards the defendant, who was in the occupation of the premises, harvested and carried away certain crops that season grown by him, planted upon a portion of the premises that he had occupied. This suit was brought for the taking and carrying away of said crops.

*Edward H. Deavitt*, plaintiff, *pro se.*

*Brown & Macomber* for the defendant.

START, J. When tenants in common mortgage the common property and are given different times for redemption in a decree of foreclosure, and the tenant whose time expires first fails to redeem, and the other tenant, after the expiration of that time and within the time allowed to him, redeems the premises by paying the amount of the decree to the clerk, the premises become redeemed and the operation of the decree arrested. *Ward* v. *Seymour*, 51 Vt. 320. But the mortgage is not thereby extinguished. If the tenant who fails to redeem does not pay his just portion of the mortgage debt, he may be foreclosed by the other tenant; but, until such foreclosure, the relation of the parties to the common property is that of tenants in common. Such being the relation of the parties to the property in question, the action of trespass and trover cannot be maintained.

*Judgment affirmed.*