ALEXANDER FINDLAY *v.* LEWIS LONGE.

January Term, 1903.

Present: ROWELL, C. J., TYLER, MUNSON, and HASELTON, JJ.

Opinion filed January 14, 1909.

*Mortgages—Foreclosure—Bill   to   Redeem—Res   Judicata—*
*Opening Decree—Insurance—Duty of Mortgagee—Justices*
*of the Peace—Judgments—Equitable Relief.*

Where a policy of fire insurance effected by a mortgagor on the mortgaged property provided that it should be void if foreclosure proceedings were begun without the insurer's written consent thereto indorsed on the policy, the mortgagee owes the mortgagor no duty to secure such consent before beginning foreclosure proceeding.

In a suit to redeem land, brought by a mortgagor against a mortgagee after a decree of foreclosure in his favor became absolute, a court of equity will not interfere with a judgment of a justice for taxes on the land in question, rendered in favor of the mortgagee against the mortgagor before the commencement of the foreclosure proceedings, nor with the results that followed the execution and sale, where the mortgagor, with full knowledge of the situation, made no defence in the foreclosure proceedings.

The receiving of the whole or a part of a mortgage debt, directly or indirectly, after the time of redemption has expired opens the decree and gives the mortgagor the right to redeem.

Where, in a suit to redeem land brought after a decree of foreclosure had become absolute, the bill failed to allege that certain pasturing and harvesting, done on the land by the mortgagee while the decree of foreclosure was running, rendered the orator unable to meet the payment due under the decree, nor that the mortgagee was unwilling to have the value of the pasturing and of crops harvested applied to such payment, nor that the harvesting was tortiously done, but merely that the orator had sued in trover for the crops so harvested, the bill was insufficient.

APPEAL IN CHANCERY. Heard on demurrer to the bill at the September Term, 1902, Washington County, *Watson,* Chancellor. Demurrer sustained, bill adjudged insufficient and dismissed. The orator appealed. The opinion states the case. See *Findlay* v. *Union Mutual Fire Ins. Co.,* 74 Vt. 211.

*Edward H. Deavitt* for the orator.

When a mortgagee has taken the rents and profits and has not accounted therefor, the mortgagor is entitled to have the same applied on the mortgage, and by offering to pay the amount which may be found to be due upon the mortgage the mortgagor may maintain a bill to redeem. The bill in question embraces both of these principles and although the bill was brought after a decree of foreclosure had been obtained, yet it is not on that account defective, for an instrument may be reformed even after foreclosure. Note 65 Am. St. Rep. 518.

If the statements in the bill concerning receipt of profits by defendant after decree are admitted by demurrer, that would open the decree. So that the statement "But through some mis-

understanding between said Woodward and your orator, no answer was filed to said bill of complaint, and said bill was taken as confessed," is not relied upon as a basis for opening the decree, but is a statement showing how a decree was taken *pro confesso*, and if the orator or his counsel was negligent, that negligence does not affect the substantial right of the orator, for the act of the defendant in harvesting hay and pasturing cattle without any agreement and without an accounting is sufficient ground for opening the decree, and giving the orator a chance to redeem. *Gilson* v. *Whitney*, 51 Vt. 552; *Smalley* v. *Hickok*, 12 Vt. 153; *Pierson* v.*Clayes*, 15 Vt. 93; *Kopper* v. *Dyer*, 59 Vt. 477; 2 Jones on Mortgages, §1569.

In support of the general right of the orator to bring a bill to redeem in the circumstances of this case, see *Kopper* v. *Dyer*, 59 Vt. 477; *Hill* v. *Hill*, 59 Vt. 125; *Whitney* v. *Adams*, 66 Vt. 688; *McConnell* v. *McConnell*, 11 Vt. 290; *Barry* v. *Harris*, 49 Vt. 392.

*J. P. Lamson* for the defendant.

The orator fully knew the situation now relied on at the time he allowed the bill of foreclosure to be taken as confessed, hence that decree will not now be opened. *Sherman & Adams* v. *Windsor Mfg. Co.*, 57 Vt. 57; *Durkee* v. *Durkee*, 59 Vt. 70; *Smith* v. *Scribner*, 59 Vt. 96.

HASELTON, J.   This cause was heard upon demurrer to the bill. On hearing the demurrer was sustained, the bill was adjudged insufficient and the same was dismissed. The orator appealed.

By the allegations of the bill it is made to appear that April 25, 1898, for the sum of $500.00, the defendant sold and conveyed to the orator a farm in Marshfield on which were three barns and no other buildings; that no cash payment was made but that the full purchase price was embraced in a note given by the orator to the defendant and secured by a mortgage on the farm; that by the terms of the note the orator was to pay the first year's interest at the end of one year, the second year's interest at the end of two years, and that, at the end of the third year, he was to make his first payment on the principal of the note, such payment being $150.00; that the interest payment of

$30.00, due at the end of one year, that is April 25, 1899, was not paid; that thereupon May 10, 1899, the defendant brought a petition of foreclosure which was entered at the September Term, 1899, of the Court of Chancery. That the orator appeared in said foreclosure suit by C. E. Woodward, Jr., solicitor, that the bill of foreclosure was taken as confessed and that a decree of foreclosure was duly entered and enrolled; that by the terms of the decree the same was to become absolute unless the orator made a payment of interest and costs on or before September 7, 1900, another payment of interest on or before April 25, 1901, a payment which included a substantial part of the principal debt on or before April 25, 1902, and other payments thereafter which it is immaterial to specify; that September 6, 1900, the orator paid $58.01, the amount of the first payment under the decree, and that April 22, 1901, the orator paid $32.12, the amount of the second payment under the decree; that the third payment under the decree was to be $180.00 with some interest, which payment was required to be made by April 25, 1902; that before the decree become absolute by the non-payment of the installment last mentioned this bill was brought returnable at the September Term, 1902, of the Court of Chancery.

There was in the deed given by the defendant to the orator a provision that the latter should pay the taxes for the then current year, 1898. The bill avers that the defendant fraudulently procured the town clerk of Marshfield to insert this provision; that the provision was contrary to the agreement of the parties and that the orator was for a long time after the transaction of sale and mortgage ignorant of the fact that there was such a provision in the deed. The bill does not state for how long a time the orator was so ignorant. It appears from the bill that the taxes for the year 1898 were something less than $11.00, that the defendant paid these and that on March 3, 1899, he brought a suit against the orator for the amount of such taxes making the suit returnable before a justice of the peace March 22, 1899. The bill alleges that on this writ there was attached by the defendant's direction personal property of the value of more than $200.00 being as the defendant knew all the personal property of the orator. The bill sets out that the parties appeared before the justice on the return day, that the case was continued to March 28, 1899, at which time the justice

rendered judgment against the orator for $10.65 damages and $6.43 costs, that the taking out of execution was delayed and that the costs of proceedings thereunder were purposely and wilfully enhanced by the direction of the defendant so that the costs of sale on the execution amounted to $34.00; that the proceedings in respect to the justice suit referred to were instituted and carried on as they were, that an excessive attachment was made and that costs were enhanced, with the design and effect of preventing the orator from making his first interest payment of $30.00 which was due April 25, 1899, and that on May 10th following the defendant brought his petition for foreclosure and had the same served on the orator.

It appears that thereafter before the term of court to which the foreclosure suit was returnable the barns referred to and the produce therein all of which was insured for $475.00 were entirely destroyed by fire; that a provision of the insurance policy provided that it should be void if foreclosure proceedings were commenced without the written consent thereto of the company indorsed on the policy; that this foreclosure was commenced without such indorsement of consent and without such consent, and that so, as the orator has since been advised, there was no insurance money to go to anybody. See *Findlay* v. *Insurance Co.,* 74 Vt. 211, 52 Atl. 429, 93 Am. St. Rep. 885, a case brought upon the policy in question and referred to in the orator's bill. The bill avers that the commencement by the defendant of foreclosure proceedings without the consent of the Insurance Company was a fraud upon the orator.

Reference has now been made to the claimed grounds of relief existing when the decree of foreclosure passed. The specific prayers of the bill relevant to the recitals thus far made are that the foreclosure decree of 1899 be vacated and set aside, that the orator's deed taken April 25, 1898, be reformed so that the provision that the orator pay the taxes for 1898 be excluded, that the defendant be required to account for the property sold under execution on the judgment obtained against the orator for the amount of said taxes and costs, and that the amount of the mortgage debt be reduced $475.00 with some interest because of the action of the defendant in commencing foreclosure proceedings as he did. The bill gives no reason why the claims so far referred to were not made in the foreclosure proceedings except to say that through "some misunderstanding" between

the orator and his solicitor no answer was filed and the bill confessed. No hint is given in the bill of the nature of the "misunderstanding" and the allegation with reference thereto goes for nothing as a ground for opening the decree and considering defenses available then if ever. Indeed the brief for the orator expressly says that the statement as to the "misunderstanding" is not relied on as a basis for opening the decree; but if on any ground the decree could be opened, the matters considered would not avail the orator. A mortgagee owes no duty to a mortgagor in respect to securing an Insurance Company's consent to a foreclosure. As to the prayer for a reformation of the orator's deed by striking out the clause imposing upon the orator the obligation to pay the taxes for 1898, and as to the prayer dependent thereon it is enough to say that a court of equity will not in the circumstances interfere with the final judgment of the justice nor with the results which followed in the way of execution and sale thereunder. The orator does not claim that throughout those proceedings he was ignorant of the precise situation, and he must be content. *St. Johnsbury* v. *Bagley*, 48 Vt. 75; *Brown* v. *Lamphear*, 35 Vt. 252.

The bill avers that the orator has been in continuous possession of the farm from the time of its purchase by him to the date of the bringing of this bill, but that during the year 1900, the defendant pastured certain cattle and horses on the farm and that no accounting has been had with reference thereto. There is nothing in the bill inconsistent with the supposition that the defendant merely hired the orator to pasture the cattle and horses, and no claim that the defendant has not been at all times ready to account. The bill also alleges that in July, 1900, the defendant entered upon the premises and cut and harvested hay which the orator had contracted to sell standing for $100.00 intending to apply said sum on the mortgage debt, that so the defendant has deprived the orator of the benefit accruing under said contract, and that the orator has commenced an action of trespass for his damages sustained by the action of the defendant in cutting and harvesting the hay as aforesaid. The allegations as to the cutting of hay, like those as to the pasturing of stock are extremely vague. Whatever was done was done before the decree expired.

The first payment under the decree was to be made on or before September 7, 1900, and consisted of costs and interest

amounting to $58.01. This the orator paid on the next to the last day allowed for payment. The second installment under the decree consisted of interest with interest thereon, and was to be paid on or before April 25, 1901. This was paid three days before the expiration of the time limited, and amounted to $30.12.

The receiving of the whole or a part of the mortgage debt either directly or indirectly after the time for redemption has expired is of itself sufficient to let in the mortgagor to redeem. *Converse* v. *Cook,* 8 Vt. 164, 169; *Smalley* v. *Hickok,* 12 Vt. 153, 163; *Gilson* v. *Whitney,* 51 Vt. 552. But what was done here, whatever it may have been, with regard to pasturing and harvesting was done while the decree was running; and the effect to be given to those things must be determined by equitable considerations of a general character. *Pierson* v. *Clayes,* 15 Vt. 93; *Hyde* v. *Hyde,* 50 Vt. 301. The bill does not allege that the pasturing and harvesting rendered the orator unable to meet the payment of $180.00 to be made by April 25, 1902, nor that the defendant was unwilling to have their value applied on such payment. The bill does not allege that the harvesting was tortiously done but merely alleges that the orator has seen fit to sue the defendant in trover on account of the harvesting. In addition to the prayers of the bill already referred to the orator prays for a general accounting, and for permission to redeem on payment by him of such sum, if any, as on the accounting may be found to remain due on the mortgage in question, and accompanies this prayer with an offer to pay such sum. General relief such as may be appropriate to the case is asked. From the bill it appears that the orator has been in possession of the farm in question about four years, that he has paid nothing on the purchase price, that the defendant, under the decree of foreclosure, gets back the land which he sold without the buildings which were thereon at the time of the sale, and that no technical rule or general principle of equity entitles the orator to any relief under his bill without reference to the way in which it is framed or to the character of the relief sought.

*Decree affirmed and cause remanded.*