WILLIAM MEEHAN *v.* ARTHUR J. BESSETTE ET AL.

January Term, 1937.

Present: POWERS, C. J., SLACK, MOULTON and SHERBURNE, JJ.

Opinion filed February 2, 1937.

*Wm. R. McFeeters* for the defendant mortgagors.

*M. H. Alexander* for the petitioner, the administratrix of the estate of the second mortgagee.

SHERBURNE, J.   On June 12, 1934, a decree was entered upon a bill to foreclose a redeemable lease.   This decree provided that unless Arthur and Helen Bessette made certain payments to the clerk of the court on or before certain dates they should be fore-closed and barred; and that unless Mary Wallace, the second mortgagee, upon the failure of the Bessettes to make such pay-ments, should pay the same within ten days after the specified dates she should also be foreclosed and barred.   The Bessettes made all the required payments up to the one which was required to be paid on or before July 1, 1936.   Upon their failure to make this payment the administratrix of the estate of Mary Wallace, then deceased, paid the same upon July 10, 1936. Upon July 11, 1936, upon petition of the said administratrix of the estate of Mary Wallace, the chancellor, without any hearing upon the petition, issued an order directing the clerk to issue forthwith a writ of possession in favor of the plaintiff against

the Bessettes but not against the estate of Mary Wallace; and reciting that the right of the administratrix to protect the interests of said estate in and to the premises was to be continued and recognized so long as the terms of the decree applicable to Mary Wallace are met and complied with by the administratrix of her estate. From this order the Bessettes have appealed.

This case is substantially upon all fours with *Ward & Burns* v. *Seymour & Martin*, 51 Vt. 320, and with the unreported case of *Heaton, Exr.* v. *Hubbard & Wood*, cited in that case. The former case was a bill to redeem certain premises. There were two mortgages, a first mortgage to the defendant Seymour, and a second mortgage to the defendant Martin. Seymour obtained a decree of foreclosure upon his mortgage by which the equity of redemption, as to plaintiffs Ward and Burns, upon the first installment due thereon, was to expire April 20, 1877, and as to said Martin, May 1 following. Ward and Burns failed to pay this installment by the time limited, and the decree expired as to them; but Martin paid it on April 26 following, and thereafter procured from the clerk a writ of possession in favor of Seymour, by his, Seymour's, consent, and was, by virtue thereof, put into possession of the premises. Permission to redeem was granted. In the latter case Heaton obtained a decree of foreclosure against Hubbard and Wood, which expired as to the former on the first, and as to the latter on the eleventh, day of April, 1876. Hubbard did not pay the decree; but Wood on the day his right to redeem was to expire, paid it, and subsequently procured from the clerk the writ of possession sought to be vacated, and placed the same in the hands of an officer with instructions to dispossess Hubbard and put him, Wood, in possession. The decree or order of the chancellor denying the prayer of the petition was reversed, and cause remanded, with mandate directing that the writ of possession be vacated and set aside.

These cases and *Woodward, Admr.* v. *Cowdery et al.*, 41 Vt. 496, 502; *Deavitt* v. *Ring*, 73 Vt. 298, 50 Atl. 1066; *Phelps* v. *Root*, 78 Vt. 493, 498, 63 Atl. 941; and *Findlay* v. *Longe*, 81 Vt. 523, 529, 71 Atl. 829, show that it is firmly established in this state that, the way this decree was drawn, it being in the usual form, the fact that a later day was fixed for Mary Wallace to redeem than the Bessettes, does not change the effect of the payment upon the decree by her administratrix. The

payment by her of the installment operated as an assignment, *pro tanto,* of the plaintiffs' lien to her; and as the decree was satisfied by such payment, the Bessettes still have in equity a right of redemption in said premises.

As is said in *Ward & Burns* v. *Seymour & Martin, supra:* "We do not doubt that a decree of foreclosure might be obtained and so drawn as to have the effect claimed by counsel for the one in question; but we think that a defendant in a foreclosure suit, to entitle himself to affirmative relief, must substantially comply with the requirements in other equity cases; and that such decree should be obtainable only upon a cross-petition, so that the parties to be affected thereby may have notice that such a decree is asked for, and an opportunity to be heard as to granting the same."

*Order reversed, with directions that the petition of the administratrix of the estate of Mary Wallace be dismissed.*