# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0569, <u>Debbie Orloff v. Jean-Paul Downs</u>, the court on September 21, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Jean-Paul Downs, appeals an order of the Superior Court (<u>Wageling</u>, J.) vacating a decision of the New Hampshire Department of Labor (DOL) in favor of Downs on his claim for unpaid wages. We vacate and remand.

The record before the DOL and the superior court supports the following facts. Downs and Jennifer Saunders were hired to run plaintiff Debbie Orloff's hotel in North Conway. They began work on May 21, 2018 and agreed to be paid, collectively, $1,600 a month to be shared between the pair. They received housing in addition to their pay. This arrangement continued until Saunders was terminated on August 3, 2018. Downs then began running the hotel on his own, and Orloff agreed to pay the entire $1,600 to him individually. Downs continued working until he was terminated on September 9, 2018.

Downs filed a wage claim with the DOL requesting $12,992 in unpaid wages. Saunders filed her own wage claim, and the DOL held a consolidated hearing in November 2018 at which it heard from both Downs and Saunders. Orloff did not respond to the DOL's notice or appear at the hearing. Downs testified that he worked sixteen hours a day, seven days a week, from May 21 until September 9. At minimum wage, this amounted to $12,992. He testified that Orloff had only paid them $1,200 each (or $2,400 collectively). He testified that he also did side projects for Orloff, but that he had been paid separately for this work. The hearing officer subtracted the $1,200 that Downs had been paid for his hotel duties and awarded him $11,792. The DOL also ruled in favor of Saunders on her wage claim.

After the DOL issued its rulings, Orloff sent a letter to the DOL requesting that it vacate the decisions. She argued that she never received notice of the wage claims and that "the claims made by Saunders and Downs in this matter were false." The DOL interpreted the letter as a motion to vacate and denied the motion.

Orloff then filed pro se complaints in the superior court against Downs and Saunders, requesting that the court vacate the DOL decisions on the grounds that: (1) she did not receive proper notice; and (2) Downs' and Saunders' claims were false. In the Saunders action, the superior court ruled that Orloff received adequate notice and that she failed to prove falsity. Orloff appealed that decision to this court, arguing solely that she did not receive proper notice. We affirmed the superior court's decision in a 2020 order. Orloff v. Saunders, No. 2019-0404 (non-precedential order), 2020 WL 1917477 (N.H. Mar. 11, 2020). Downs' case in the superior court was stayed pending that appeal. After the stay was lifted, and after a hearing, the court issued an order stating that it would "allow discovery between the parties on the issue of fraud." The court held a further hearing in January and April 2021 at which it received exhibits and heard testimony.

At the hearing, Orloff testified that she paid Downs and Saunders $400 for the couple's first week of work in May, and submitted a $400 check paid to Saunders. She also testified that she paid the couple $1,600 in June and $1,600 in July. After Saunders was terminated in August, Orloff began to pay Downs directly. She submitted several checks written out to Downs. She testified that she paid Downs an additional $800 for July because he hadn't received his share from Saunders. She then paid Downs, in separate checks, $800 for the first half of August and $800 for the second half of August. And finally, she paid Downs $1,155 when he was terminated in early September. When Downs was asked about these checks, he admitted that he had received one $800 check as part of his August pay, but testified that the other checks were not for his pay and were only intended to cover hotel expenses.

Downs maintained that he worked as an innkeeper for sixteen hours a day, seven days a week. He acknowledged, however, that he also worked on side projects, sometimes for up to nine hours per day. The parties agreed that he had been paid $4,000 for the side work. When it was pointed out that the side work was done during the same hours that Downs claimed to be working on hotel duties, Downs answered that he "was still responsible as innkeeper" and "was on call." He also testified that he was on call most nights. When further questioned, Downs also admitted that he was not always on site at the hotel. Once, he left to buy a car and was arrested for driving with a suspended license. He also left the hotel for a dentist appointment and occasionally for food.

The superior court concluded that Downs "was not truthful during his testimony at the DOL" and that he had "perpetrated a fraud on the DOL." The court credited Orloff's testimony that she had paid Downs. The court also reasoned that Downs could not have worked sixteen hours per day while working on side projects for up to nine hours per day. The court further noted that Downs was not always on site at the hotel. The court vacated the DOL

2

decision and remanded for a new hearing.  Downs filed a motion for reconsideration which was denied.  This appeal followed.

Downs argues, inter alia, that the superior court erred by invoking its equitable powers to find that Downs committed fraud at the DOL.  We agree.  First, we note that superior court review of a DOL wage claim is established by RSA 275:51, V (2010).  Pursuant to RSA 275:51, V, "[a]ny party aggrieved by [a DOL wage claim] decision may appeal to the superior court . . . by petition, setting forth that the decision is erroneous, in whole or in part, and specifying the grounds upon which the decision is claimed to be in error."  "The scope of review by the superior court shall be limited to questions of law."  RSA 275:51, V.  "After hearing and upon consideration of the record, the [superior] court may affirm, vacate or modify in whole or in part the decision of the commissioner, or may remand the matter to the commissioner for further findings."  Id.

RSA 275:51, V does not empower the superior court to make an independent finding of fraud.  Here, however, the superior court did not rely on RSA 275:51, V to make its fraud finding.  Rather, the court invoked its equitable powers.  But we have explained that equitable jurisdiction will lie only when there is no plain, adequate, and complete remedy at law.  Gutbier v. Hannaford Bros. Co., 150 N.H. 540, 545 (2004).

Equitable jurisdiction does not lie here because Orloff had a plain, adequate, and complete remedy at law through the original DOL wage claim proceedings.  As Downs points out, the evidence that Orloff presented to the superior court to support her claim of fraud was available at the time of the DOL hearing.  Indeed, Orloff could have presented this evidence to the DOL had she attended the hearing.  Nevertheless, the superior court stepped into the role of the DOL, reviewed the merits of the case, credited Orloff's testimony over Downs', and concluded that based on this evidence, Downs' claims could not be true.  It was the DOL's task, however, to determine Downs' credibility and the validity of his wage claim.  If Orloff had appeared before the DOL, she could have asserted that Downs' wage claim was fraudulent and sought relief in the first instance.  From there, Orloff could have sought review of the DOL's fraud determination for errors of law pursuant to RSA 275:51, V.  Thus, Orloff had a readily available remedy but failed to take advantage of it.  Moreover, in New Hampshire, "[e]quitable relief will not be afforded when the party claiming it has, by his own fault or negligence, or that of his attorney, brought upon himself the injustice against which he seeks a remedy."  Carroll v. McCullough, 63 N.H. 95, 96 (1884).  Given that Orloff had the opportunity to obtain relief through the DOL but failed to appear, the superior court erred by granting equitable relief.

We next address Downs' argument that the court erred by not ruling on his cross-appeal for overtime wages and request for liquidated damages.

Because the superior court vacated the DOL decision on the basis of fraud and did not review the DOL decision for legal error, it did not address Downs' cross-appeal.  Absent a superior court ruling on Downs' cross-appeal, this issue is not properly before us.  We remand to the superior court to address the parties' unresolved claims.  When reviewing the DOL's decision, "[t]he scope of review by the superior court shall be limited to questions of law."  RSA 275:51, V; <u>see also</u> <u>Demers Agency v. Widney</u>, 155 N.H. 658, 661 (2007) ("In the trial court, the sufficiency of the evidence supporting the DOL's factual findings [is] a question of law.").

Lastly, Downs requests "his attorneys' fees and costs for the appeal to the [superior court] and this Court."  In light of our order vacating the superior court's ruling, the superior court may also address the request for attorney's fees on remand.  As for his attorney's fees on appeal, Downs may file a motion setting forth his request no later than 30 days after the mandate is issued in this case.

<u>Vacated and remanded</u>.

MACDONALD, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**